IN THE

# SUPREME COURT

OF THE

## STATE OF KANSAS.

DURING THE TERM COMMENCING JULY, 1869.

---

JOHN W. SPRATLY v. THE PUTNAM FIRE INS. CO.

*Error from Leavenworth County.*

1. DEFAULT: SETTING ASIDE.—The setting aside of an entry of a default, and an order that the cause stand in its order on the trial docket for an assessment of damages, and the permitting of the defaulting party to answer upon terms, is allowable under the provisions of section 114 code, 1859. *Comp. L.*, 142.
2. DISCRETIONARY.—In such a case, the action of the district court, being discretionary or dinarily, this court will not interfere.

The entry on the record in the court below was as follows: "And now comes the said plaintiff, by his attorney, James McCahon, Esq., and the said defendant having been duly served with a summons herein, and he still failing to answer or demur to the petition of the plaintiff filed herein, and makes default. It is considered by the court here that the said plaintiff ought to recover his damages herein; and it is ordered by the court that the cause stand in its order on the trial docket for the assessment thereof."

On the 11th day of September, 1868, at the September term, the defendant, by attorney, filed a motion

"to set aside the default, and for leave to answer." On the hearing of this motion, on the 14th day of November, 1868, at the November term, the only evidence offered by the defendant was an affidavit attempting to show a meritorious defense to the action, and nothing more. The motion was sustained and leave given to the defendant to answer. This proceeding is brought to obtain the reversal of the order sustaining said motion, and giving leave to the defendant to answer.

Other statements of fact appear in the opinion of the court:

*James McCahon,* for plaintiff in error.

*Sherry & Helm, Clough & Wheat,* for defendant in error.

*For plaintiff in error, McCahon* insisted:

1. Section 114 of the code of 1859 provides that "the court, or any judge thereof, in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or by an order, enlarge such time." This section is only applicable before the default has been ascertained and adjudicated by the court. The court, under this section, can only do what a judge in vacation may, and it would hardly be contended that a judge could, in vacation, vacate an order of the court in his discretion.

2. When the default has been ascertained and adjudicated, as in this case, such adjudication is an order which can only be vacated in the manner pointed out by section 546, and the succeeding sections of the code of 1859. None of the grounds named in section 546 having been alleged or shown, either in the motion or affidavit read in evidence on the part of the defendant, the motion should not have been sustained. 1 *Kan.,* 221.

3. It is the same as an interlocutory judgment under the old practice, and has the same effect. *Tidd's Pr.*, 568.

The terms of the district courts being fixed by a general statute, this court will take judicial notice thereof, of their commencement and conclusion. 20 *U. S. Dig.*, 377, § 381; 11 *Ind.*, 448; 2 *Cal.*, 183.

4. The order sought to be reversed is "an order that involves the merits of an action or some part thereof." *Voorhies' Code, p.* 678, § 349; 8 *Barb.*, 81; 4 *How. Pr.*, 331; 10 *How. Pr.*, 90; 1 *E. D. Smith*, 357; 7 *How. Pr.*, 78.

*Sherry & Helm* and *Clough & Wheat*, made the following points for defendant in error.

We submit that this was not such an order as can be complained of in this court.

1. The entry of default was a mere notation by the court of the fact that the defendant had failed to answer, [1 *Code R.*, 67; 3 *How. Pr.*, 290;] and setting the case for assessment of damage amounted to nothing more than the setting of any other case for trial. We are not aware that the code recognizes such an entry as amounting to such an order or judgment as can be reviewed.

2. The defendant had failed to answer within the time required by section 113 of the code of 1859, and the court merely took notice of the fact. Section 114 of the code gave to the district court, in its discretion, power to allow the defendant to answer the petition after the time limited had expired, on such terms as might be just. Now, if the district court had power to allow an answer to be filed, when in its discretion it thought it ought to do so, then of course it was not necessary to make any more showing to induce it to allow such answer to be filed than the court itself thought necessary.

3.   On matters of discretion that court is its own judge, and ordinarily—certainly in such a case as this—where all that has been done is to give the parties an opportunity to try the case upon the facts alleged, a reviewing court will not interfere.   *Greenleaf v. Roe,* 17 *Ill.,* 474;   *Buckmaster v. Drake,* 5 *Gilm.,* 324; 1 *Scam.,* 131, 143;   *Jacobs v. Marshall,* 6 *Duer,* 689;   *Lord v. Vandeburg,* 16 *How.,* 363;  5 *How. Pr.,* 5, 216;  10 *Abb.,* 64; 40 *Barb.,* 659;  7 *Bosw.,* 678;  17 *Abb. Pr.,* 319;  2 *Hilton,* 46, 70, 91;  4 *Bosw.,* 664;  2 *E. D. Smith,* 223.

4.   But the petition of the plaintiff below showed no cause of action.

*a*)   Section one, page sixty, laws of 1863, makes it unlawful for an insurance company incorporated by another state to take risks, etc., unless the requirements therein specified are complied with; and as the case does not show a compliance therewith, therefore it leaves the petition defective, and shows only an illegal contract and not a cause of action.   9 *How. Pr. R.,* 365, 373;  20 *Ind.,* 525–6;  25 *Wend.,* 648;  3 *Gray,* 500;  2 *Allen,* 398.

*b*)   The defendant could only exercise such of its powers here as by the comity of this state it was permitted to.   13 *Pet.,* 519;  13 *Mass.,* 1;  18 *Pick.,* 193;  20 *Ind.,* 525;  *Angell & Ames on Corp.,* § 161.

*By the Court,* SAFFORD, J.

This is a proceeding brought to reverse an order of the district court of Leavenworth county, setting aside a default made by the defendant in a cause pending in said court, and giving said defendant leave to file an answer to the plaintiff's petition upon the payment of costs.

DISCRETIONARY   The application to open the default, and for
Power: Open-
ing Defaults.   leave to answer, was addressed to the discre-

tion of the court and supported by affidavit, the object of which was to show that the defendant had a meritorious defense to plaintiff's claim.

That the court had the power to allow an answer to be filed upon terms at any time before default cannot be questioned. [§ 114, *Code* 1859.] And we do not think that this power was in any manner affected by the mere entry of the default, and the order that the cause stand in its proper place on the trial docket for the assessment of damages.

The section referred to is certainly broad enough in its terms to justify such a construction, and we can see no good reason why it should not be given.

This whole matter, then, of setting aside defaults and allowing answers to be filed after the time at which they may be due, under circumstances like those surrounding the case at bar, rest with the court in its discretion; and when such discretion has been expressed, the rule should obtain that a reviewing court will not interfere unless it shall appear that the court has abused its power. 17 *Ill.*, 474.

There is no claim that such is the case here; therefore the action of the district court must be affirmed.

All the justices concurring.