## SOLOMON EVANS v. J. B. LAFEYTH.

1. PRACTICE *in Supreme Court.* The supreme court never retries a case upon contradictory and conflicting parol evidence, but in all such cases, if there is no other reason for reversing the decision of the trial court than that the decision is not sustained by sufficient evidence, the supreme court will permit the decision of the trial court to stand.

2. INSTRUCTION, *Not Misleading.* The defendant set forth in his answer apparently inconsistent allegations, and the trial court charged the jury, among other things, that: "These allegations in the answer, apparently inconsistent in some respects, the jury may take into consideration with the evidence submitted on the trial, in determining whether or not the defendant executed the note in suit for the sum of $56.98." *Held,* Under the circumstances of the case, that the instruction was not erroneous or misleading.

3. INSTRUCTION, *Modified and Given, Not Error.* The defendant asked the trial court to give a certain instruction, but the trial court refused, and in its place gave another, embodying, substantially, the instruction asked for by the defendant, but setting it forth in language more appropriate under the facts of the case. *Held,* Not error.

*Error from Johnson District Court.*

AT the November Term, 1882, of the district court, plaintiff *Lafeyth* recovered a judgment against defendant *Evans,* who brings the case here. The opinion states the facts.

*Gill & Parker,* for plaintiff in error.

*Burris & Little,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally brought by J. B. Lafeyth against Solomon Evans, before A. J. Smith, a justice of the peace of Johnson county, on a promissory note for $56.98. The defendant answered as follows:

"J. B. LAFEYTH, Plaintiff, v. SOL. EVANS, Defendant.— *Before A. J. Smith, Justice of the Peace, city of Olathe, Johnson county, Kansas.*—And now comes the defendant in the above-entitled cause, and for his amended answer to plaintiff's bill of particulars herein, denies that he executed the note

sued on in this cause, or that he is indebted to said plaintiff in any amount thereon.

"2. Defendant, further answering, says that he did, on the day of the date of the note in suit, execute and deliver to plaintiff a note for the sum of forty-six dollars and ninety-eight cents, and that said note and all interest thereon have long since been paid in full.

"3. That said note in suit, as well also as the one for said $46.98, heretofore paid to plaintiff by defendant, is and was for usurious interest, and void for want of consideration.

G. & P., *Attys. for Defendant.*

"Sol. Evans, defendant in the foregoing cause, being sworn, on his oath states that the matters and facts as set forth in this answer are true. Sol. Evans.

"Subscribed in my presence and sworn to before me, this Feb. 21, 1882. A. J. Smith, J. P."

Afterward, the case was taken to the district court, where it was tried before the court and a jury, which trial resulted in a verdict and judgment in favor of the plaintiff and against the defendant for $35, besides costs. And the defendant, as plaintiff in error, brings the case to this court and asks for a reversal of such judgment. He first makes the point that the verdict is not sustained by sufficient evidence; but in this we think he is mistaken, or at least the evidence is not so utterly insufficient as to authorize this court to reverse the judgment of the court below, and to set aside the verdict of the jury because of any insufficiency of the evidence. This court never retries a case upon contradictory and conflicting evidence; but in all such cases, if there is no other reason for reversing the decision of the trial court, the supreme court will permit the decision of the trial court to stand.

The plaintiff in error, defendant below, also complains of the following instruction, given by the court to the jury:

"3. The defendant sets up in his answer that on May 7, 1880, he executed a note to the plaintiff for $46.98, and further charges and alleges that the said note in suit, as well as the one for said $46.98 heretofore paid to plaintiff by defendant, is and was for usurious interest, and void for want of consideration. The defendant further denies that he exe-

47 — 29 KAS.

cuted or signed the note on which this suit is brought. These allegations in the answer, apparently inconsistent in some respects, the jury may take into consideration with the evidence submitted on the trial, in determining whether or not the defendant executed the note in suit for the sum of $56.98. The burden of proof is on the defendant to satisfy you by a preponderance of the evidence as to all the affirmative allegations set up in his answer."

The plaintiff in error complains especially of the words "apparently inconsistent," used in the foregoing instruction. We do not under the circumstances think that the instruction is erroneous or misleading. The language of the instruction seems to be well guarded. Besides, if counsel do not desire that the jury should take into consideration apparently inconsistent allegations in their pleadings, they should not make such allegations.

The plaintiff in error, defendant below, asked the court to give the following instruction to the jury, to wit:

"1. If you find from the evidence that the note sued on was given wholly for usurious interest, then I charge you that there can be no recovery thereon."

The court refused to give this instruction, and gave the following instruction in its place:

"4. If the jury find from the evidence that defendant did execute the note on which suit is brought, and further find from the evidence that the consideration in said note was made up in whole or in part of usurious or unlawful interest, then the amount of unlawful interest shall be deemed and taken to be payments made on account of the principal and 12 per cent. interest per annum.

"The legal rate of interest in this state on contract shall not exceed 12 per cent. per annum, and all sums in excess of that rate are held usurious and unlawful, and whatever may be in excess of the rate named shall be deemed and taken to be payments made on account of the principal and 12 per cent. interest per annum."

We think the instruction given by the trial court fairly covered all that was asked for by the defendant below; and the instruction given by the court was much more appropriate, under the facts of the case, than was the one asked for by

the defendant below. It can hardly be said that any of the evidence tended to prove "that the note sued on was given *wholly* for usurious interest;" and therefore the instruction asked for by the defendant was not proper, or at least was not embodied in appropriate language.

After considering all the questions in the case, as presented by counsel for plaintiff in error, we are constrained to say that we do not think that the court below committed any material error; and therefore its judgment will be affirmed.

All the Justices concurring.