## THE MISSOURI PACIFIC RAILWAY COMPANY v. GEORGE C. LINSON.

1. DEFAULT — *Pleadings* — *Discretion of Court.* The terms and conditions upon which parties are allowed to file pleadings, when they are in default, are matters resting in the sound discretion of the trial court; and when permission is given to a party in default to file an answer by a specified time, and he files a motion to make the petition more definite and certain, it is not an abuse of judicial discretion on the part of the trial court, to strike such motion from the files.

2. PRACTICE — *Judicial Discretion, No Abuse of.* A defendant sought and obtained leave to file an answer within a certain time. He filed a motion to make the petition more definite and certain, instead of an answer. This motion was stricken from the files, and the case called for trial, when the defendant then asked to be allowed to file an answer. This the court refused to grant. Such refusal, under the particular circumstances of this case, was not such an abuse of judicial discretion as to cause a reversal.

*Error from Phillips District Court.*

THE opinion contains a sufficient statement of the case.

*Waggener, Martin & Orr,* for plaintiff in error.

*Pratt & Lewis,* for defendant in error.

Opinion by SIMPSON, C.: In this case the plaintiff in error claims that there was a gross abuse of judicial discretion on the part of the district court of Phillips county, in sustaining a motion made by the defendant in error to strike from the files the motion of the plaintiff in error to make the petition more definite and certain. The facts are that on the 6th day of November, 1886, the defendant in error commenced this action in the district court of Phillips county, to recover against the railway company, plaintiff in error, the value of a horse, whose death was alleged to have been caused by the gross carelessness of the agents and employés of the company. The plaintiff in error, being in default of an answer, made its application in due form on the 20th day of December, 1886, to the district court for leave to file an answer, and was granted leave to file an answer on or before the 1st day of February, 1887, on the payment of all costs accruing to date of application. On the 31st day of January, 1887, the plaintiff in error paid all costs in said action, and filed its motion to make the petition more definite and certain in several enumerated respects. On the 21st day of March the defendant in error filed a motion to strike from the files the motion of the plaintiff in error, filed January 31, 1887, for the following reasons:

"First, that the defendant did not obtain leave of the said court, or the judge thereof, to file the same, nor the consent of the plaintiff or his attorneys; second, that at the last term of this court said defendant was in default of an answer to the plaintiff's petition, and then asked and obtained leave of the court to file an answer in said cause, and the court gave said defendant until February 1, 1887, in which to file said answer, and the defendant, instead of filing said answer as ordered by the court, filed the motion aforesaid."

This motion was sustained, and an exception thereto made and saved. Immediately thereafter a motion was made by the plaintiff in error for leave to file an answer before the trial, which was to take place next morning. The next morning, and just before the case was called for trial, the plaintiff in

error tendered an answer, and asked to have it filed, and this was refused by the court, and excepted to.

We are asked to say, on this state of facts, that the court grossly abused judicial discretion in its refusal to allow an answer to be filed before the trial, and in its ruling on the motion to strike from the files. We cannot do so. The plaintiff in error was in default of an answer, and the record does not disclose any reason or excuse for such default. Application was made to the court for leave to file an answer—not to plead, but to answer—and leave was granted on condition of the payment of the accrued costs. In other words, the court permitted the plaintiff in error to do just what it asked to do, but, instead of complying with its own request, it did another thing, which if permitted, would have had the effect to delay the trial. The court held the defendant strictly to its own application, and said "You asked to answer; but, instead of answering, you file a motion, that inevitably results in delay." This is not an abuse of judicial discretion; the action of the court is the one most ordinarily taken under such circumstances, and fully justified by the facts, as disclosed by the record. An answer was then tendered; the record says it was submitted to the court, but the court refused to allow it to be filed. The answer is in the record. How it became a part thereof we do not stop to inquire, for the question is: Did the court abuse judicial discretion by a refusal to permit the answer to be filed on the 25th day of March, 1887, which had been ordered to be filed on or before the 1st day of February, 1887? We think not. This is the only question discussed in the briefs of counsel for plaintiff in error.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.