## J. C. STITH v. J. H. FULLINWIDER.

1. PLEADINGS — *Amendments — Discretion of Court.* Discretion is largely vested in the trial court to allow amendments to pleadings, and where pleadings are permitted to be amended, and supplemental pleadings are filed in compliance with an order of the court, such amendments will not be grounds for error, unless it is shown that there was a flagrant abuse of discretion.

2. LIBEL — *Burden of Proof.* Where a defendant to a suit for libe pleads justification, he thereby assumes the burden of proof, and is entitled to the opening and closing.

3. INSTRUCTIONS — *Defects, Not Pointed Out — No Search for Errors.*
Where objections are made to the instructions of a court to a jury,
but no specific objections or defects are pointed out, *held*, that where
such instructions appear to be correct, no careful investigation will
be made to discover errors therein.

*Error from Butler District Court.*

ACTION brought by the plaintiff in error, to recover dam-
ages which he alleged he had sustained from the uttering
and publishing of a letter concerning him by the defendant.
Plaintiff's petition was filed November 11, 1885, and defend-
ant filed his answer on the 8th day of December following,
and plaintiff filed a reply thereto. On the 14th day of Jan-
uary, defendant obtained leave of court to amend his answer,
and filed an amended answer, to which the plaintiff replied.
Thereupon the plaintiff moved the court to require the defend-
ant to make his supplemental answer more definite and cer-
tain; which motion the court sustained, and the defendant
complied with the order of the court and filed an additional
answer. Upon the motion of the plaintiff the court required
the defendant to make his supplemental answer more definite
and certain; whereupon the defendant filed a second supple-
mental answer, to the filing of which answer the plaintiff
objected, and the objection was overruled. Upon the issues
so joined, the court held that the defendant was entitled to
the opening and closing of the case. Trial by jury, and ver-
dict and judgment for the defendant. Plaintiff brings the
case here for review.

*C. A. Leland*, and *E. N. Smith*, for plaintiff in error.

*Shinn & Yeager*, for defendant in error.

Opinion by CLOGSTON, C.: The errors complained of are:
First, the refusal of the court to strike out the supplemental
answers of the defendant; second, the court threw the bur-
den of the issues upon the defendant, and gave him the open-
ing and closing; and third, objections to the instructions of
the court to the jury.

As to the first of these complaints, we see no error in the court's permitting the several answers and supplemental answers of the defendant to be filed. The last two supplemental answers filed by the defendant were occasioned by the motion of the plaintiff to require said answers to be made more definite and certain. These were filed in compliance with the order of the court, and upon plaintiff's motion. The right to amend pleadings is largely in the discretion of the court. No delay seems to have been occasioned by the filing of these answers, and we see no abuse of discretion.

As to the second objection, we judge that the only question seriously contended for by the plaintiff is, that the court held that the burden of the issues was upon the defendant, and that he had the opening and closing.

Section 275 of the code of civil procedure provides:

"1. The party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it. 2. The adverse party may then briefly state his defense, and the evidence he expects to offer in support of it. 3. The party on whom rests the burden of the issues must first produce his evidence."

Plaintiff's petition charged the defendant with libel, by writing and publishing a certain letter charging the plaintiff with being dishonest, and with transactions which imputed dishonesty and unfair dealing, which words and charges were actionable *per se*. No special damages were charged or claimed· The defendant in his supplemental answers admitted the writing and publishing of the letter, and justified the same upon the ground that the charges therein stated were true. The charges in the letter being actionable, malice must be imputed, and the good character and reputation of the plaintiff presumed. No special damages being claimed, no burden was on the plaintiff, and upon the issues, without evidence, judgment must have been for the plaintiff. The burden of the issues, then, was upon the defendant, and under our statutes the defendant was entitled to first introduce his evidence, and to have the opening and closing. This question is a disputed one in

many of the states, but nearly all agree upon this one propo-
sition, that although the court may commit an error in per-
mitting a party to open and close his case, yet such an error
is not such a substantial error as would require a reversal
of an action, (Town. Sl. & Lib., § 276;) while in many other
states it has been held, and particularly in states which have
statutes like ours, that where a defendant justifies, the burden
is upon him. (*Ranson v. Christian*, 56 Ga. 351; *Gaul v. Flem-
ming*, 10 Ind. 253; *Fry v. Bennett*, 28 N. Y. App. 324.)

As the plaintiff in error points out no specific objections to
the instructions of the court to the jury, and as we see no ap-
parent error therein, we shall not carefully consider them.

It is therefore recommended that the judgment of the court
below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.