THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY V. F. WILKINSON.

1. APPEAL, *When Triable.* An appeal from an award made by commissioners appointed to condemn a right-of-way for a railroad, is triable at the next term of the district court which occurs ten days or more after the appeal is perfected.

2. ———— *No Continuance, When.* The filing of pleadings upon order of the court during the term at which such appeal is triable, will not of itself entitle a party to a continuance of the trial until the next term.

*Error from Woodson District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*G. R. Stephenson,* and *W. H. Slavens,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to condemn land for railroad purposes. The commissioners appointed for that purpose condemned a right-of-way through the land of Wilkinson, on February 14, 1887, and the report of the award was filed with the county clerk on the following day. Wilkinson was dissatisfied with the award, and on February 23, 1887, he executed and filed an appeal bond with the county clerk, which was approved on the same day. On the next day the transcript and bond were filed in the district court. The first day of the following term of that court was March 7, 1887, at which time the railroad company moved to require the plaintiff to file a petition setting forth the amount and items of damages claimed by him. This motion was sustained, and on March 14, 1887, a petition was filed. The railroad company then asked for a continuance of the cause until the next term, but this application was denied, and leave to answer *instanter* was granted. On March 15th the case was tried with a jury, resulting in an award of $800.

22 — 42 KAS.

Error is predicated on the refusal of the court to continue the cause. It is contended that under §§ 313 and 315 of the code the docket is to be made out twelve days before the term, and to make the action triable the issues must be closed ten days before the first day of the term, and that this action was not therefore triable at the March term, and hence the order of the court requiring a trial of this cause the day following the filing of the answer, was prejudicial error. This claim cannot be sustained. The statute prescribes that such appeals are triable at the next term, the first day of which occurs ten days or more after the appeal is perfected; and the appeal is complete upon the filing and approval of the appeal bond. (Gen. Stat., ch. 23, § 86; id. ch. 81, §§ 121, 122, 124.) In the present case the appeal was perfected February 23, 1887, eleven days prior to the beginning of the term at which the trial was had; and hence the case was clearly triable at that term. It is true that the pleadings were closed only one day preceding the trial; but formal pleadings are not absolutely essential in such appeals, although they may be required in the discretion of the court. It is the better practice for the land-owner to set out in his petition the amount claimed by him, and the items constituting the same, and in most instances pleadings should be required; but the issues are not thereby enlarged or changed; nor does the filing of pleadings change the rule of the statute prescribing when appeals are triable. The disclosures made in the pleadings may in some instances make a continuance necessary, but the necessity must be shown as in other applications for delay. (*Rice v. Hodge*, 26 Kas. 164.) No affidavit was made in this case, nor any showing that additional time was necessary to enable the plaintiff to properly present its defense, and therefore the court did not abuse its discretion in denying the motion.

The other errors assigned, not being insisted on by plaintiff in error in its brief and argument, will not be considered.

All the Justices concurring.