R. MERTEN *et al.* v. PHILIP NEWFORTH.

44 705
f75 532

PLEADINGS—*Discretion of Court—Diligence.* Where the demurrer of the defendant has been overruled, and time given him to answer, and he does, not present or file his answer in time, his application for leave for further time to answer must be addressed to the discretion of the trial court. If sufficient diligence is not shown on his part, the court will not abuse its discretion in refusing to allow the answer to be filed out of time.

*Error from Barton District Court.*

A SUFFICIENT statement of the case is contained in the opinion, filed December 6, 1890.

*G. W. Nimocks & Bro.*, for plaintiffs in error.

*Maher & Osmond*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 1st day of March, 1887, Philip Newforth commenced his action against R. Merten and Mary Merten for a specific performance of the conveyance of real estate upon a written bond or agreement, given by the Mertens to Martin Gutzwiler on the 12th of March, 1877, and assigned to the Mertens by Martin Gutzwiler and wife on the 7th day of May, 1884. On the 28th of March, 1887, the defendants filed a demurrer to the petition, alleging that it did not state facts sufficient to constitute a cause of action. Upon the hearing, the demurrer was overruled by the trial court, and the defendants were given thirty days in which to file an answer. They did not answer within the thirty days, but a long time thereafter, and on the 5th day of October, 1887, filed two affidavits for permission to file an answer. The affidavit of R. Merten was to the effect that, before answering in the case, it was necessary for him to furnish to his attorney all the contracts and assignments that were outstanding concerning the title to the land ; that he did

all he could by request to secure these papers, but that they did not reach his attorney until the 5th of October, 1887.

The affidavit further stated the general nature of his defense; among other things, that Martin Gutzwiler did not comply with the terms of the bond or agreement; that he abandoned the land, and allowed it to go to tax sale. The affidavit of his attorney was also to the effect that he did not secure, until the morning of the 5th of October, 1887, the papers necessary to enable him to make an answer in the case. No answer, however, was then presented. On the 7th day of October, 1887, the case was heard, and judgment rendered in favor of the plaintiff and against the defendants. Subsequently, the defendants filed a motion for a new trial, and this motion was overruled. It does not appear that the motion for a new trial was filed in time. They excepted, and bring the case here.

The permission to file an answer out of time is largely in the discretion of the trial court. Where the demurrer of the defendant has been overruled and time given him to answer, and he does not present or file his answer in time, his application for leave for further time to answer must be addressed to the discretion of the trial court. If sufficient diligence is not shown on his part, the court will not abuse its discretion in refusing to allow the answer to be filed out of time. It may be, in the absence of further showing, that the trial court thought that the filing of the answer was asked simply for delay. It looks as though the demurrer had been filed for delay, because it was not well taken. It may be said to have been frivolous. (*Spratly v. Insurance Co.*, 5 Kas. 155 ; *Neitzel v. Hunter*, 19 id. 221; *Swerdsfeger v. The State*, 21 id. 475.)

No sufficient diligence was shown in the affidavits in obtaining the papers alleged to have been needed to prepare the answer, and no answer was presented to the trial court before the case was heard and disposed of. The demurrer was properly overruled. We have not considered the affidavits, nor the answer filed after the 7th day of October—that being the day upon which the judgment was rendered. Under the

circumstances of this case, the showing for permission to file an answer should have been made, and the answer itself presented before the trial. We perceive no abuse of the discretion of the court. (*Pemberton v. Hoosier*, 1 Kas. 108; *Butcher v. Bank*, 2 id. 70; *Haight v. Schuck*, 6 id. 192; *McPherson v. Kingsbaker*, 22 id. 646; *Tefft v. Firey*, 22 id. 753; *White v. Treon*, 25 id. 484; *National Bank v. Wentworth*, 28 id. 183; *Mo. Pac. Rly. Co. v. Linson*, 39 id. 416; *Smith v. Fullinwider*, 40 id. 73.)

The judgment of the district court will be affirmed.

All the Justices concurring.