## S. D. HOPKINS V. EMALINE HOPKINS.

1. REVIEW — *Evidence not Duly in Record.* Evidence purporting to ·
   have been given on the trial of a case, and certified to by the official
   stenographer and by the clerk of the district court to be true and
   correct, and attached to a transcript brought to the supreme court,
   forms no part of the record, and cannot be considered unless it is
   preserved either by a bill of exceptions or case-made.
2. —————— *Setting Aside Default.* The setting aside of defaults and per-
   mitting pleadings to be filed out of time is largely discretionary
   with the trial court, and its rulings thereon will not be disturbed
   unless there is a clear abuse of discretion.

*Error from Allen District Court.*

THE opinion states the case.

*Knight & Foust,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: In this action Emaline Hopkins obtained
a judgment against S. D. Hopkins for $700, which judgment
was declared a lien against certain real estate, the legal title of
which was in S. D. Hopkins. He complains, and his pro-
ceeding in this court is based on a transcript of the record.
The errors assigned are mainly those arising only upon the
evidence and the rulings during the trial. Although what
purports to be the evidence is attached to the petition in error,
and certified to by the official stenographer and the clerk of
the district court as being full and correct, it is not preserved
either by a bill of exceptions or a case-made. For this reason,
neither the evidence nor the proceedings of the trial which
form no part of the record can be considered.

It is urged that the court erred in permitting plaintiff below
to file a reply out of time. It appears a reply was filed a few
days beyond the time allowed by the code, and the court on
application struck the reply from the files, but at once set
aside the default and authorized the filing of another reply

*instanter.* The trial did not occur, however, until about one year after the setting aside of the default and the filing of the reply, and hence the plaintiff in error could not have suffered any prejudice by the ruling. The matter of setting aside defaults and permitting pleadings to be filed out of time largely rests in the discretion of the trial court, and its rulings thereon will not be disturbed unless there is a clear abuse of discretion. (*Spratley v. Insurance Co.*, 5 Kas. 155.) There was no such abuse in this case, and there are no errors apparent on the face of the record.

Judgment affirmed.

All the Justices concurring.