THE KANSAS TORPEDO COMPANY v. THE ERIE PETRO-
LEUM COMPANY.

No. 14,976   (89 Pac. 913.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Dilatory Plea Properly Denied Where Defendant Was in Default.* In an action by a foreign corporation the defendant, after being in default fifty-six days, asked permission to plead generally. The court granted leave to answer to the merits only, refusing to allow a plea in abatement to be filed, the purpose of which was to dismiss the action on the ground that the plaintiff had not complied with section 1283 of the General Statutes of 1901. *Held,* that in the absence of any reason or excuse being shown for such default the ruling of the court was not an abuse of judicial discretion.

2. ——— *Amendment of Pleadings after Jury Trial Has Begun.* Where a pleading is amended after the commencement of a jury trial the right of the adverse party to plead thereto, the time within which it may be done, and whether such privilege be general or limited to the merits, are questions for the determination of the court in its discretion, considering the circumstances of the case and the conditions of the parties at the time. The order of the court in such a case will not be disturbed except for an abuse of discretion.

Error from Neosho district court; LEANDER STILL-
WELL, judge. Opinion filed April 6, 1907. Affirmed.

*Jones & Finley,* for plaintiff in error.
*Cline & Stratton,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Neosho county to recover damages alleged to have been sustained by the negligence and unskilfulness of the defendant in "shooting" an oil-well. The defendant was in default of an answer, and made application to the court for permission to plead. The court granted leave upon condition that it would plead to the merits. The plaintiff was a foreign corporation, and the defendant desired to file a plea in abatement, on the ground that plaintiff had not complied with the law relating to such organizations and therefore had no right to maintain the action. The court insisted upon a plea to the merits, and thereupon a general denial was filed, and the case continued to the next term. At the trial the defendant objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action. The petition in averring the negligence charged it disjunctively, as consisting in having too much water in the well when the shot was fired or in not placing the shot deep enough in the well. The plaintiff amended its petition instanter by striking out the last clause of this disjunctive statement, and thereupon the defendant insisted upon the right to plead to the amended petition generally, but this was denied by the court and the general denial was refiled.

This action of the court is vigorously assailed as an abuse of discretion. We are unable to agree with this contention. The only absolute right a party has to plead is given by the statute; when that right is exhausted the question becomes one of practice, to be determined in each case by the court. A person in default is in a sense out of court. In practice, however, he may come in at any time, and will be per-

mitted to plead under such terms and limitations as the court in its discretion may impose. The action of the court in such a case will be sustained, unless there has been an abuse of discretion. (*Tefft v. Firey,* 22 Kan. 753; *Mo. Pac. Rly. Co. v. Linson,* 39 Kan. 416, 18 Pac. 498; *Stith v. Fullinwider,* 40 Kan. 73, 19 Pac. 314; *Merten v. Newforth,* 44 Kan. 705, 25 Pac. 204.)

This case presents no facts from which an abuse of discretion may be inferred. When the request to plead was made default had existed for nearly sixty days, and no excuse whatever was given for defendant's neglect. Parties may not ignore proceedings pending against them and then insist upon favors which must of necessity work inconvenience or injury to the adverse party.

It is urged that when the plaintiff amended its petition by striking out one clause of its disjunctive statement the right to plead generally to the amended petition was no longer a matter of judicial discretion, but existed as a matter of legal right. We are not aware of such a law in this state. The rule suggested would be unreasonable, if of universal application. The right to plead under such circumstances should to some extent depend upon the nature of the amendment, and is subject to the control of the court. If a material amendment be made to a pleading during the trial, the new matter might be such as would surprise the adverse party and render him unable to proceed without a change in his own pleading and time for preparation. In such a case it might be a gross abuse of discretion to deny a further plea to the amended pleading. But where, as in this case, the amendment does not materially change the attitude of the parties, no new plea being necessary to meet the averments of the amended pleading, we see no necessity or occasion for a reopening of the case for dilatory and technical pleas.

In this case the court permitted ample opportunity for the litigation of the merits of the controversy be-

tween the parties.  The statute under which the defendant wished to file its plea in abatement was not enacted for the benefit of litigants, but to provide a means for the enforcement of a policy adopted by the state for the regulation of corporations.  Litigants may properly take advantage of this law, and if done in a timely and proper manner they will be protected therein.  (*Vickers v. Buck,* 70 Kan. 584, 79 Pac. 160.)  Where a party, without cause, has been for a long time in default, and the adverse party has prepared and is ready for trial, we cannot say the court is guilty of an abuse of discretion when it permits the delinquent defendant to appear and defend the cause of action upon its merits but declines to allow a plea in abatement to be filed, such as was refused in this case.  The amendment of the petition may in a very limited sense be considered material, but, when viewed with reference to its injurious effect upon the substantial rights of the defendant, it must be regarded as unimportant and trivial.

Complaint is made that the plaintiff failed in its proof.  But the jury returned findings of fact with the general verdict which fully sustain it.  We are unable to say that there was no evidence upon which to make the findings, and therefore cannot disturb the judgment on that ground.

The judgment is affirmed.