No. 19,277.

ADA THOMPSON, *Appellee*, v. THE AULTMAN & TAYLOR MACHINE COMPANY and C. H. GLAZIER, *Appellants.*

SYLLABUS BY THE COURT.

1. PRACTICE — *Filing Reply After Case Called for Trial — No Showing for Continuance.* A court may allow the plaintiff to file a reply, consisting of a general denial, after the case is called for trial, and then compel the defendant to go on with the trial, in the absence of a showing that he is not ready, or that he has been misled, or that he will be prejudiced thereby.

2. PERSONAL INJURIES—*Permanent Injuries to Plaintiff's Ear— Covered by Allegations of Negligence in Petition.* In an action for damages for personal injury, an allegation in a

petition that the plaintiff was thrown out of a buggy, to the ground, on her head and arms, breaking her right forearm, throwing the wrist of her right arm out of place, filling her head and scalp with gravel, and "severely injuring and bruising her in all parts of her body and putting her in danger of her life," is sufficient to permit proof of permanent injury to her ear.

3. TRIAL—*Instructions—Refusal Not Error*. It is not error to refuse to give proper instructions, requested, when the court gives the same, or substantially the same, instructions in the general charge to the jury.

4. SAME — *Instructions — Assumptions*. An instruction which assumes that the result or consequence of negligence is itself the act of negligence is properly refused.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed March 6, 1915. Affirmed.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellants.

*Clyde E. Souders,* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for personal injury. The plaintiff was injured in an automobile accident. The automobile was driven by C. H. Glazier, agent of The Aultman & Taylor Machine Company, while in their employ and engaged in their business. Glazier ran into the plaintiff on a public highway. Negligence in driving the machine was alleged, and found by the jury. The defendants appeal.

Defendants complain that the court committed error in permitting plaintiff to file a reply, consisting of a general denial, after the case was called for trial, and compelling the defendants to go to trial at that time. They also complain of error in the admission of evidence, and of error in overruling defendants' demurrer to plaintiff's evidence. Further complaint is made of the refusal to give instructions asked for, and of those

given.  Another complaint is, that the court committed error in denying a motion for a new trial.  These are presented in three propositions in defendants' brief: (1) error in compelling defendants to go to trial after the filing of the reply; (2) error in the admission of evidence, and (3) error in refusing to give and in giving instructions.

There was no error in refusing a continuance, and compelling the defendants to go to trial after a reply, consisting of a general denial, had been filed, although filed after the cause had been called for trial.  The petition was filed May 28, 1913.  The answer was filed some time thereafter.  The case was called for trial and the reply filed December 15, 1913.  No new element was introduced into the case by the reply.  The petition was not changed.  The answer was the same as at first.  The reply merely compelled the defendants to prove any affirmative defense that they may have alleged.  This ought to have been anticipated.  No such showing was made that the defendants could not be ready for trial as is contemplated in section 143 of the civil code.  Section 313 of the civil code provides that actions shall be triable on the issues of fact in ten days after the issues are made up.  The defendants contend that the issues were not made up until the day of trial, when the reply was filed.  The case stood ready for trial under the code ten days after the time for filing a reply.  It was within the discretion of the court to permit a reply to be filed and then compel a trial of the cause.  The practice of permitting a reply, consisting of a general denial, to be filed on the trial, is too general in this state to reverse a judgment because such reply was filed, when it could not have misled or prejudiced the opposing side.  (*Taylor v. Hosick, Adm'r &c.*, 13 Kan. 518, 526; *Grant v. Pendery,* 15 Kan. 236, 241; *Wright v. Bacheller,* 16 Kan. 259, 266; *City of Burlingame v. National Bank,* 17 Kan. 407, 408; *Rice & Floyd v. Hodge Bros.*, 26 Kan. 164, 168.)

The principal contention is as to the admission of evidence concerning an injury to the plaintiff's ear. The petition alleges that the automobile struck the buggy, injured the plaintiff, and caused the horse drawing the buggy to run away and upset the buggy, and throw the plaintiff out to the ground, on her head and arms, breaking her right forearm, throwing the wrist of her right arm out of place, filling her head and scalp with gravel, and "severely injuring and bruising her in all parts of her body and putting her in danger of her life," but does not say anything about any injury to her ear.

The defendants filed a motion asking "that the plaintiff be required to make her petition more definite and certain in the language as follows: 'severely injuring and bruising her in all parts of her body and putting her in danger of her life.'" This motion was denied. The plaintiff contends that the defendants have waived their right to complain of the order denying this motion, because the plaintiff afterward amended her petition in other respects, and no motion to make the amended petition more definite and certain was filed. The original petition was amended in minor points by interlineation. No change was made in the allegations of the petition, so far as the injuries sustained by the plaintiff were concerned.

On the trial the plaintiff introduced evidence to prove that one of her ears had been permanently injured. To this the defendants strenuously objected because that injury was not alleged in the petition. Sometime before the trial, when is not disclosed, the defendants learned of the injury to the ear from a physician who had made an examination of the plaintiff. Was it necessary to allege more specifically the injury to plaintiff's ear, in order that she might recover for that injury, under the circumstances of this case? An allegation of "severely injuring and bruising her in all parts of her body and putting her in danger of her life," when coupled with knowledge on the part of the de-

fendants that the ear had been injured, is sufficient to allow the plaintiff to prove that injury and recover thereon. It is argued that the word "body" does not include the head. In one sense this is correct. In another, it is not. The ear is a part of the "body" as that expression is used in the petition.

"The allegation that the plaintiff . . . sustained bodily injuries was sustained by proof of injury to her hands and wrists." (*City of Eureka v. Neville,* 70 Kan. 893, 79 Pac. 162.)

In a note in 16 Encyc. Pl. & Pr. 396, will be found excerpts from a number of cases supporting this principle.

The first, second, fifth, sixth, and seventh instructions asked for were given in substantially the language in which they were submitted. The law as submitted to the court in the third, fourth, eighth, tenth, eleventh, and twelfth instructions was correctly given by the court in its instructions to the jury, and much of it in substantially the language submitted in the instructions requested. The instructions given fairly covered all that was asked for in those mentioned. It was not necessary to duplicate or repeat them. (*Deitz v. Regnier,* 27 Kan. 94; *Evans v. Lafeyth,* 29 Kan. 736, 738; *Gray v. City of Emporia,* 43 Kan. 704, 706, 23 Pac. 944; *Mo. Pac. Rly. Co. v. Johnson,* 44 Kan. 660, 664, 24 Pac. 146; *Berhenke v. Penfield,* post.)

The defendants complain that instruction No. 9 was not given. This instruction is as follows: .

"The jury are instructed that unless the plaintiff has proven by a preponderance of the evidence that the automobile alleged to have been run and operated by the defendants actually struck and came in contact with the plaintiff's buggy, the plaintiff can not recover in this case, and you will find for the defendant."

This instruction was probably requested on the theory that striking the buggy, that is, the collision, was the act of negligence. The act of negligence was the careless driving. The collision was the result of

that driving. A railway collision is not the negligence. It is the result of the negligence. The negligence and the collision are two separate and distinct things. In this case the allegations of negligence are that Glazier carelessly and negligently drove the automobile against the buggy; carelessly and negligently. failed to keep watch for vehicles drawn by horses; carelessly and negligently failed to stop the automobile for such a time as to enable the plaintiff to pass the automobile; carelessly and negligently ran the automobile at a greater rate of speed than forty miles per hour; carelessly and negligently failed to use ordinary care to discover that the plaintiff was in a position of peril, and after seeing her in such position, carelessly and negligently failed to use ordinary care to stop the automobile. One of the results or consequences of this negligence was the collision with the buggy.

The plaintiff could have recovered without proving that the automobile struck the buggy. If the defendants' negligence, as alleged in the petition, caused the injury, although the buggy was not struck, the defendants would be liable. In addition to this the jury found that the automobile did strike the buggy.

We are unable to agree to any of the contentions of the defendants. The judgment is affirmed.

MARSHALL, J. (dissenting) : I am unable to concur in the judgment of the court. The motion to make definite and certain should have been sustained, and the petition should have been amended so as to set out the bodily injuries, if known, and if not known, that fact should have been alleged. The right to have the petition made definite and certain in this respect was not waived by failure to renew the motion after the amendment of the petition. It was not amended in this particular. One motion directed to this matter was enough. The evidence complained of was prejudicial to the defendants.

WEST, J., concurs in this dissent.