Williams v. Williams.

No. 22,499.

ÉMMA MOORE WILLIAMS, *Appellee,* v. JAMES WILLIAMS,
*Appellant.*

### SYLLABUS BY THE COURT.

1. DIVORCE—*Extreme Cruelty—Evidence Sustains Judgment.* A judgment was rendered granting a divorce to a wife on the ground of extreme cruelty. The evidence tended to show that the husband, in the presence of the children of the wife, cursed her and called her vile and obscene names, and that the language used was coarse, brutal, and cruel. It does not appear that the judgment was erroneously rendered.

2. SAME—*Filing Amended Petition—Fixing Time for Trial—Within Judicial Discretion.* The court in its discretion may grant leave to file an amended petition in an action for a divorce where the original petition has been on file for more than six months, and the amended petition makes the grounds for divorce more specific, and the court may compel the parties to go to trial in ten days after the amended petition is filed.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed May 8, 1920. Affirmed.

*Z. Wetmore,* and *Fred Hinkle,* both of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment granting to the plaintiff a divorce from the defendant.

1. The principal question argued is that the evidence did not justify the court in granting a divorce to the plaintiff. One of the grounds alleged for divorce was extreme cruelty. The evidence tended to show that the defendant cursed the plaintiff and called her vile and obscene names in the presence of her two children, a boy and a girl, almost grown at the time of the trial, the children of a former husband. The language used was coarse, brutal, cruel, and such as no man should use toward his wife under any condition, unless he intends to wound her feelings and humiliate her without striking her. In his abstract the defendant states that—

"No evidence was introduced by plaintiff tending to show that the mental feelings of plaintiff were wounded or her peace of mind destroyed so as to seriously impair the health or endanger the life of plaintiff; or that the legitimate objects and aims of matrimony were destroyed. No evidence was introduced tending to show that the words relied on by plaintiff as constituting cruelty were uttered without justifiable cause and for the purpose of inflicting pain."

A review of the cases decided by this court involving the question now presented may be of some benefit in reaching a correct conclusion in the present action. In *Gibbs v. Gibbs,* 18 Kan. 419, a divorce was granted and the judgment was affirmed for language and acts, and the court there said:

"Where the conduct of the husband is such that the life or health of the wife may be endangered by his acts toward her, and upon the evidence in the case the district court has granted a decree of divorce, the supreme court will not, upon review of the proceedings, reverse such judgment because the evidence is contradictory and conflicting." (Syl. ¶ 2.)

In *Carpenter v. Carpenter,* 30 Kan. 712, 2 Pac. 122, the court affirmed a judgment granting a divorce to the husband where the wife had deliberately and with subtlety, and apparently with an intention to injure the feelings and reputation of the husband, accused him of infidelity.

In *Avery v. Avery,* 33 Kan. 1, 5 Pac. 418, a judgment granting a divorce to the wife on the ground of extreme cruelty was affirmed. There the evidence recited tended to show that the husband repeatedly, in conversation and by letter, accused the wife of infidelity, but there is nothing in the opinion to show that the wife's mental feelings were wounded, her peace of mind destroyed, her health impaired or endangered, or the legitimate object and aims of matrimony destroyed, except that the opinion recites that a "lady who visited them about six months, when their little girl was a year and a half old, testified 'that during the time she was there, Mrs. Avery always treated her husband kindly and considerately, and when abused by him would not answer back, but usually walked away and cried about it.'" (p. 4.) This court declared that "Avery was guilty of extreme cruelty." (p. 6.) Other than the statement concerning the evidence that Mrs. Avery cried when abused, the Avery case is very much like the present one.

Williams v. Williams.

In *Masterman v. Masterman,* 58 Kan. 748, 51 Pac. 277, a decree granting a divorce on the grounds of extreme cruelty in the use of language implying infidelity, was reversed. There the husband, a physician, on account of his conduct was suspected by his neighbors of being guilty of immoral relations with some of his patients. Knowledge of that conduct came to the wife, and she remonstrated with him concerning it, upbraided him about it, and slept in a different room on account of it. The court said:

"In order to support a charge of extreme cruelty in an action for divorce, where words alone are relied on as constituting the cruelty inflicted, it must appear that the words were uttered without justifiable cause, and for the purpose of inflicting pain. When they are uttered merely as a complaint against the apparent misconduct of the other, or as the result of natural feelings excited by his misconduct, they are insufficient to constitute cruelty within the meaning of the section of the statute authorizing a divorce for that cause." (Syl. ¶ 2.)

The court also said:

"We adhere to the doctrine that words may be as cruel as blows."

Of the cases decided by this court, the strongest one in favor of the defendant is *Rowe v. Rowe,* 84 Kan. 696, 115 Pac. 553. There the judgment granting a divorce was reversed. The evidence tended to show that the husband used toward his wife opprobrious epithets not nearly so severe as those used in the present case. The evidence also tended to show that the husband neglected to provide proper medical attention, and that when she absented herself from his room he forcibly undertook to carry her back. The court there said:

"Extreme cruelty exists when the conduct of the husband or wife is such that the life or health of the other may be endangered, or when such conduct unjustifiably wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other, or is such as utterly destroys the legitimate objects and aims of matrimony; and when words alone are relied on it must appear that they were uttered not merely as complaints against the real or apparent misconduct of the other, but that they were uttered without justifiable cause and for the purpose of inflicting pain." (Syl. ¶ 1.)

That action was again tried, and judgment granting a divorce to the wife was again rendered, and the action was again appealed to this court. (*Rowe v. Rowe,* 89 Kan. 592, 132 Pac. 208.) In affirming the last judgment, the court said:

"When this case was here before the court was of the opinion that the evidence, or that portion of it to which our attention was challenged by the abstracts, was insufficient to sustain the charge of extreme cruelty, and the cause was reversed. (*Rowe v Rowe*, 84 Kan. 696, 115 Pac. 553.) An amended petition was afterwards filed in the court below and the cause was sent to another county where it was tried before a different judge, with the same result as at the first trial. We are again asked to reverse a decree granting a divorce on the ground that it is contrary to the evidence; and as a further ground it is urged that the evidence is in no essential respect different from that introduced at the former trial, and that therefore the matter was *res judicata*. The evidence in the present case is deemed sufficient to sustain the finding of extreme cruelty."

The language used by the defendant toward the plaintiff in and of itself was cruel; and when used in the presence of her children, it could not do other than humiliate her and wound her feelings. The court heard the stories of these people, saw them on the witness stand, and determined that by the language used the defendant had been guilty of extreme cruelty toward the plaintiff. Nothing has been shown that would justify this court in saying that the finding of the trial court was not correct. If the former decisions of this court are analyzed, and the language used by the parties, as therein set out, and the results declared on the use of that language are compared with the language used by the defendant in the present action and with the conclusion now reached, it cannot be said that the former decisions are in any way in conflict with the present one.

2. The petition was filed June 7, 1918. On March 28, 1919, the plaintiff filed an amended petition making the accusation of extreme cruelty more definite and certain. Trial was had on April 7, 1919. The defendant objected to going to trial for the reason that he had not the statutory time in which to file his answer, and for the further reason that owing to misfortune he had been unable to comply with certain orders of the court. The original petition had alleged extreme cruelty, but did not specify of what that extreme cruelty consisted. It was within the discretion of the court to permit an amended petition to be filed. (Civ. Code, § 140, Gen. Stat. 1915, § 7032; *Hargrove, Sheriff, v. Woolf*, 34 Kan. 101, 8 Pac. 192; *Fire Ins. Co. v. Amick*, 37 Kan. 73, 14 Pac. 454; *Stith v. Fullinwider*, 40 Kan. 73, 19 Pac. 314; *Farmers' Bank v. Bank of Glen Elder*,

46 Kan. 376, 378, 26 Pac. 680; *Torpedo Co. v. Petroleum Co.*, 75 Kan. 530, 89 Pac. 913.)

When the amended petition was filed, it was within the discretion of the court to fix the time for trial. (*Rice & Floyd v. Hodge Bros.*, 26 Kan. 164; *C. K. & W. Rld. Co. v. Wilkinson*, 42 Kan. 337, 22 Pac. 412; *Brown v. Brown*, 62 Kan. 666, 672, 64 Pac. 599; *Buchanan v. Insurance Co.*, 94 Kan. 132, 135, 146 Pac. 411; *Thompson v. Machine Co.*, 94 Kan. 453, 455, 146 Pac. 1188.)

The judgment is affirmed.