No. 29,461.

WILLIAM A. TOPLIKAR, *Appellee*, v. CHARLES E. KAUFMAN and SOPHIA B. KAUFMAN, *Appellants*.

(296 Pac. 363.)

Opinion filed March 7, 1931.

*David F. Carson, William Drennan* and *Russell L. Stephens,* all of Kansas City, for the appellants.

*C. W. Trickett,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The action was for a commission for procuring a tenant for property owned by the defendants.

The petition of appellee alleged that he was employed by Charles

E. Kaufman, one of the appellants, to secure a tenant for property upon which Kaufman claimed he owned a leasehold. It alleged an agreement upon the part of appellant to pay a commission of $1,320 therefor and set out a copy of the agreement. The petition also alleged that appellee secured a tenant for the property at a monthly rental of $400 and that appellant was advised of this and a lease drawn up and sent to the office of the purported lessee in New York, and that some days thereafter a message was received from New York that the lease was satisfactory, except the amount of the monthly rental, which the lessee desired to change from $400 to $375; that thereupon appellant, Charles E. Kaufman, stated that this amount was satisfactory; that thereupon the lessee in New York was advised of this, and the lease was executed in New York and sent to Kansas City to be executed by appellant; that thereupon the appellee submitted the lease to appellant and was advised by him that the property had already been leased to another party. The petition also alleged that appellant, Charles E. Kaufman, had represented that he was the owner of the property at the time that the contract for commission was made and that the first intimation appellee had to the contrary was when the lease was being drawn up and he asked that it be in the name of his mother, Sophia B. Kaufman, who at all the times mentioned lived in California. It alleged that if Charles E. Kaufman was not the owner of the property he was the agent of his mother, who was the owner.

When the case was called for trial no personal service had been had upon the defendant, Sophia B. Kaufman, as she was a nonresident of the state. Service upon her had been by publication and her property attached. At the beginning of the trial she was in default for answer. Her counsel asked leave of court to file a verified answer specifically denying, among other things, that the appellant, Charles E. Kaufman, had any authority from Sophia B. Kaufman to sign any contracts, make any agreement or lease, with anyone for the leasing of the premises described in the plaintiff's petition. The court refused to permit the filing of this answer but permitted her to file a general denial, stating explicitly that the filing of an answer that put the question of agency in issue would not be permitted. The record in the case does not show that this answer was ever filed, but the court in the instructions treated it as though it had been filed. This court has reached the conclusion that the

court was correct and that the answer should be treated and considered as though it had been formally filed.

The evidence bore out the allegations of the petition. It was admitted by all parties that appellant, Charles E. Kaufman, agreed to pay appellee a commission of $1,320 for his services in securing a tenant. It is agreed that he secured one ready, willing and able to take the property at a certain price. All parties agree that the offer of the lessor was that the property should be rented for $400 a month—all agree that there was a' counter proposition that lessee should pay $375. There is a sharp conflict in the evidence as to whether this counter proposition was accepted by appellant, Charles E. Kaufman. The jury by its general verdict found this issue in favor of appellee, and since there was substantial evidence to sustain it that verdict will not be disturbed.

The court in the instructions to the jury refused to submit the question of whether Charles E. Kaufman was the agent of his mother with authority from her to enter into contracts such as the one in question and to bind her thereby.

The instruction on that point was as follows:

"The defendants have filed what is known as a general denial by way of answer to plaintiff's claim, which puts in issue every material allegation of the plaintiff's petition, excepting the allegation that the said Charles E. Kaufman was agent for his mother, Sophia B. Kaufman, with full authority to handle said property and to sign and execute leases therefor."

Another pertinent instruction was as follows:

"If you find from the evidence in this case that G. R. Kinney Company, Incorporated, made a counter proposition to lease said premises upon the same terms as proposed in the lease forwarded to them, excepting upon a rental of $375 per month, and that such counter proposition was communicated to Charles E. Kaufman and that he accepted the same and agreed to lease the premises upon the terms of such counter proposition, and that the said G. R. Kinney Company was able, ready and willing to pay said $375 per month and carry out said lease, and that before a reasonable time had elapsed for the closing of said deal and execution of a written lease the said Charles E. Kaufman rented said premises to another person, and that his act in executing the lease to Morris Maslan was the reason for G. R. Kinney Company, Incorporated, not entering into the lease as proposed, then I instruct you that the plaintiff is entitled to recover his commission in this case."

Appellants requested an instruction in substance that plaintiff could not recover unless appellant had written authority from his mother to lease the property, and unless he had written authority

from her to accept the offer of a lesser amount than was agreed on at first. These instructions were refused. The jury were instructed in such a manner that the question of agency was taken out of the case. As the case was finally submitted to the jury the only question for it to decide was whether or not Charles E. Kaufman had consented to the writing into the lease of a lesser amount than $400 a month.

The case turns upon the construction that is to be put upon the answer of Sophia B. Kaufman. This answer was filed out of time. R. S. 60-727 provides as follows:

"The court . . . may in his discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this act, or by an order enlarge such time."

The above section gives the trial court authority within his discretion to permit filing of pleadings out of time. This court has many times refused to disturb rulings of a trial court on the question of whether it was an abuse of discretion to permit or deny filing of certain pleadings out of time.

The language in the above section "and upon such terms as may be just" means that the court may in its discretion permit the filing of a pleading and may prescribe certain limits as to the issues that may be raised by that pleading. Evidently that is what the court had in mind in the present case. Action of this kind has been approved by this court in *Merten v. Newforth,* 44 Kan. 705, 25 Pac. 204; *Torpedo Co. v. Petroleum Co.,* 75 Kan. 530, 89 Pac. 913; *Williams v. Williams,* 106 Kan. 751, 189 Pac. 910, and *Mo. Pac. Rly. Co. v. Linson,* 39 Kan. 416, 18 Pac. 498. We conclude it was entirely within the discretion of the court as to whether the filing of any answer at all would be permitted. Was the refusal of the court to permit the filing of an answer which put into issue the question of the authority of Charles E. Kaufman an abuse of discretion? The petition had been on file in this case for several months. Service by publication had been had. There is ample evidence to show that Sophia B. Kaufman had actual notice of the pendency of this suit. In fact, she was represented by the same lawyer who represented her son and, in all things except the actual trial of the case, by the same counsel who had drawn up the original contract between the appellee and Charles E. Kaufman. The case had been allowed to reach a

stage where it was called for trial in the district court. Counsel for the appellee, plaintiff in the court below, would reach the conclusion when answer day had passed and no answer was filed by Mrs. Kaufman that she did not intend to contest. He would be justified in this conclusion. It would be manifestly unfair to the appellee to permit the counsel for the appellant to wait until the trial was actually under way and then permit them, by filing an answer out of time, to raise an issue that had not been in the case until then and which appellee would be totally unprepared to meet. It appears from the record that no answer at all was ever actually filed in this case and that the court below was considerate with the counsel for the appellant when he treated this answer as though it had been filed, when it actually never was. This court is not prepared to say that under all the circumstances the refusal to permit the filing of an answer which put into issue the question of agency was an abuse of discretion.

Appellant cites some cases which hold that a verified denial puts in issue all questions that are pleaded in the petition. However, they are unavailing to him in this case for the reason that it was in the sound discretion of the court to withhold permission to file any answer at all, and since the permission that was given to file an answer was limited by the court to permission to file one which did not put in issue the question of agency, we have reached the conclusion that this was in the court's discretion and, regardless of authorities cited as to the effect of a verified general denial, the only question at issue in this case was as to whether or not Charles E. Kaufman had consented to a change in the lease from $400 a month to $375, and since the jury found this in favor of the plaintiff and there is ample evidence to sustain it, that answer will not be disturbed, and the judgment of the court is affirmed.