No. 42,490

ROBERT A. WOODWARD, *Appellee*, v. CLARA MARIE WOODWARD, *Appellant.*

(369 P. 2d 347)

filed March 3, 1962.　Opinion

*Lee Hornbaker*, of Junction City, argued the cause, and *Howard W. Harper*, *Richard F. Waters* and *B. L. Abbott*, of Junction City, were with him on the briefs for the appellant.

*Robert A. Schermerhorn*, of Junction City, argued the cause, and *C. L. Hoover*, of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was originally a divorce action. The defendant appeals from an order of the trial court overruling her motion to vacate the judgment entered therein.

On March 25, 1959, plaintiff (appellee) Robert A. Woodward filed his petition for a divorce in the district court of Geary county. Service of summons by publication was made upon defendant, as provided by our statutes. The answer day was May 7, and on that day, although she had consulted her California and Massachusetts attorneys, defendant appeared specially *pro. se* and filed a demurrer (G. S. 1949, 60-705, *First*) entitled "Special Answer," wherein she stated she was appearing specially to challenge the jurisdiction of the court over the parties and the subject matter of the action on the ground the plaintiff was not a resident of Kansas. Hearing on defendant's special answer was set by the trial court for June 12, and defendant was so notified by registered mail. Notice was received by defendant on June 5, and on June 8 she filed an affidavit in support of her special answer but made no appearance at the hearing, either in person or by counsel.

The trial court, after hearing the evidence, overruled defendant's special answer and found that the court had jurisdiction over the parties and the subject matter of the action. On July 3, the defendant having entered no general appearance, and being in default, the trial court called the case to trial, and after hearing the evidence granted plaintiff a decree of divorce. Defendant had knowledge on July 15 of the granting of the decree. On November 5, 1960, approximately sixteen months later, defendant filed a motion in the action under the provisions of G. S. 1949, 60-3007, *Third*, to vacate the decree of divorce because of irregularities practiced by plaintiff in obtaining the judgment.

Defendant contends the basic question on appeal is whether a default judgment can be rendered without notice to a defendant after his demurrer or special answer challenging the jurisdiction of the trial court has been overruled and no further appearance, either

formal or general, has been entered in the action by the defendant. While it is true that a special appearance may be entered for the purpose of challenging the jurisdiction of the court, it is error to enter a default judgment without a hearing and ruling on the special pleading. (49 C. J. S., Judgments, § 196, p. 342.) However, the general rule of law on this question is well stated in 49 C. J. S., Judgments, § 199f, p. 349, that a default judgment may be entered against a defendant where he fails to plead over after his special plea to the jurisdiction of the court is overruled or denied. Where the jurisdiction of the court over the person of the defendant is challenged under a special appearance made pending the action, and before judgment, a judgment entered by default has been upheld on the ground that it does not constitute a general appearance. (30A Am. Jur., Judgments, § 202, p. 283.) In *Randolph v. Barrett*, 41 U. S. 138, 142, 10 L. Ed. 914, it was held that where a defendant appeared for the purpose of pleading in abatement only and the decision of the court upon the plea put him out of court, judgment by default was properly rendered against him because of his failure to appear again and plead to the action. In the instant case defendant's special appearance did not constitute a formal or general entry of appearance in the action, and, when her objections to the jurisdiction of the court were overruled, her special appearance terminated and she was in default for want of a responsive pleading. If defendant desired to file further responsive pleadings, it was her duty to enter her appearance by applying to the court for additional time to plead further in the action. The terms and conditions upon which parties are allowed to file pleadings when they are in default are matters resting in the sound discretion of the trial court. (*Mo. Pac. Rly. Co. v. Linson*, 39 Kan. 416, 18 Pac. 498; *Merten v. Newforth*, 44 Kan. 705, 25 Pac. 204; *Toplikar v. Kaufman*, 132 Kan. 479, 482, 296 Pac. 363.) When a party to an action deliberately puts himself in default, so far as he is concerned the action may be tried and judgment may be rendered at any time thereafter. (*Herman v. Gardener*, 103 Kan. 659, 175 Pac. 971; *Schockman v. Williams*, 76 Kan. 299, 91 Pac. 64.)

Defendant maintains that plaintiff failed to comply with rules 48 and 49 of our court. (G. S. 1949, 60-3827.) All that needs to be said on this contention is that the mentioned rules apply only when an appearance of record has been made by counsel for a party in the action, and have no application to a special appearance ques-

tioning the jurisdiction of the court. (*Stockgrowers State Bank v. Clay,* 150 Kan. 93, 95, 90 P. 2d 1102.)

Inasmuch as defendant has failed to make it appear there were any irregularities in obtaining the decree of divorce on July 3, 1959, the trial court did not err in overruling her motion to vacate the judgment. The judgment of the trial court is affirmed

It is so ordered.