WILLIAM F. LEONARD AND GEORGE W. TOMS v. JOSIAH N. HARGIS AND EMILY C. HARGIS.

No. 9374.

PRACTICE IN DISTRICT COURT—*default case may be docketed for judgment though answer not due when term commenced.* Where an answer is due after the commencement of a term of court, and no pleading is filed nor appearance made by the defendant, the case may be docketed and judgment by default rendered at any time thereafter during such term.

Error from Barber District Court. Hon. G. W. McKay, Judge. Opinion filed April 10, 1897. *Reversed.*

*Ellis & Barrett*, for plaintiffs in error.

*G. M. Martin*, for defendants in error.

JOHNSTON, J. Josiah N. Hargis and his wife, Emily
C. Hargis, executed a mortgage upon land in Barber
County to secure a debt of three thousand dollars, and
a second mortgage upon the same land was executed
by them to secure a debt of three hundred dollars.
Default was made on the second mortgage, and, Jan-
uary 5, 1889, William F. Leonard, the owner, brought
an action to recover the debt and to foreclose the mort-
gage. Service of summons was duly obtained upon
Hargis and his wife, January 16, 1889 ; but they did
not answer or appear, and personal judgment for the
debt was rendered ; and a foreclosure and sale of the
mortgaged premises, without appraisement, decreed.
At the expiration of six months an order of sale was
issued, notice of sale was published in a newspaper
printed in the county, and, September 23, 1889, the
land was sold, subject to the first mortgage, to
George W. Toms. The sale was confirmed and the
deed made to Toms, who took possession of the land
in 1890. In April, 1891, Hargis and wife brought
this action against Leonard and Toms, alleging
that the mortgage was void and the sale illegal,
and asking that the proceedings, sale and deed be
set aside, and for a recovery of damages, alleged
to have been suffered through the enforcement of a
void judgment, to the amount of ten thousand dollars.
The result of the trial was a vacation of the judgment
and a recovery of $2,555 as damages. The case was
tried and decided upon the theory that the action upon
the note and to foreclose the mortgage was not triable
when it was disposed of, and that the judgment then
rendered therein was therefore void. It appears that
the summons which was served upon Hargis and wife
on January 16 was returnable on January 20, and in
the summons the ninth day of February was fixed as

the time for answer. The succeeding term of court began on February 5. No answer or demurrer having been filed nor any appearance made on February 9, the cause was docketed; and, on the eleventh day of February, the defendants being in default, judgment was rendered against them. If the defendants had appeared and raised an issue of fact or of law, it is conceded that the case would not have been triable at that term of court; but as no pleading was filed nor appearance made there was no issue to be tried. It is settled that a judgment upon default may be rendered at any time during any term of court. *Rice v. Malony*, 21 Kan. 31. Here, the petition stated a cause of action and service of summons upon the defendants was duly made, and therefore the court had jurisdiction of the subject-matter and of the persons of the defendants. Even if the judgment had been prematurely entered, it would not, under the circumstances, have been absolutely void. We think, however, the judgment was rightly taken, and that the court committed error in holding, and instructing the jury, that the judgment then rendered was absolutely void.

The judgment of the District Court will be reversed, and the cause remanded for further proceedings.