WILHELM SCHOCKMAN *et ux.* V. KATE WILLIAMS.

No. 15,132.   (91 Pac. 64.)

SYLLABUS BY THE COURT.

1. COURT OF COFFEYVILLE—*Procedure—Presence of Judge on Answer Day.* The statute creating the court of Coffeyville does not contemplate action by the court in a civil case on the day fixed by the summons for answer. The judge need not be present in court on that day, and no adjournment need be taken on that day, to preserve jurisdiction.

2. —————— *Answer—Appearance by Defendant.* Personal appearance by the defendant at the place of holding court on answer day is not a legal step in a civil action in the court of Coffeyville. To protect his rights he should file some written pleading recognized by the code of civil procedure.

3. —————— *Judgment by Default.* The court of Coffeyville may render judgment by default whenever it desires to do so after the time allotted to the defendant in which to plead has expired.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed July 5, 1907. Affirmed.

*Ayres & Welch,* for plaintiffs in error.

*A. B. Clark,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendants were sued in the court of Coffeyville and served, with a summons which required them to answer on July 3, 1901. On that day they made default. They did, however, go to the city court and remain there a considerable portion of the day, when they ascertained that the judge was absent and went home. They gave no further attention to the case, and on January 10, 1902, without further notice to them, judgment was rendered in favor of the plaintiff by default. The judge of the city court was not present in court at any time on July 3, 1901, and the clerk made no adjournment of the cause.

In an action in the district court between the same parties, based upon the city court judgment, the plaintiff recovered, and the defendants assign error: The principal question relates to the authority of the city court to proceed, under the circumstances, after July 3, 1901.

Chapter 126 of the Laws of 1899 creates the court of Coffeyville, defines its jurisdiction, and regulates its procedure. In civil actions the code of civil procedure and the practice in district courts govern, except in certain specified matters not material here.

Following that procedure and practice, the city court acquires jurisdiction of a defendant by the service of summons. The answer day stated in the summons is the day for the defendant to file a written pleading or become in default. He is not required or expected to be personally present in court on that day, and if he does go to the place for holding the court and wait out the day he accomplishes nothing in fortification of his rights. Such conduct is not recognized as a legal step in a civil proceeding.

The court is not expected or obliged to do anything in the case on answer day. The defendant has all of it in which to plead. If he fails to plead there is nothing before the court to continue, and nothing upon which it could act before the next day.

In the district court, when once a defendant is in default, the cause may be disposed of, irrespective of the time for the beginning of terms and without notice to the defendant, at any time it may be reached in the orderly course of the court's business or may be brought to the attention of the court by the plaintiff. The absence from the statute of a provision for terms of the court of Coffeyville is therefore of no importance in this controversy. In theory the court is in continuous session. Only those hearings the time of which has been in some manner lawfully fixed need be continued by the clerk, in the absence of the judge, to preserve

jurisdiction over the parties; and defaults may be disposed of at pleasure.

The defendants admitted the commencement of the action in the court of Coffeyville against them, the service of summons upon them, and the pendency of proceedings there. All that remained for the plaintiff to prove was the rendition of judgment, and this was properly done by a transcript of the judgment alone. A transcript of the entire record would have been superfluous. No objection to the authentication of the transcript was made in the district court and none will be considered now.

The defendants complain because the court withdrew the cause from the jury, but they point out nothing but an issue of law which was finally in controversy in the district court, and which is in controversy now.

Other errors assigned are without merit, and the judgment of the district court is affirmed.