Herman v. Gardener.

---

No. 21,533.

JOHN W. HERMAN, *Appellant,* v. SAMUEL S. GARDENER et al., (MARY V. ANDERSON, as an Individual and as Administratrix, etc., *Appellee*).

### SYLLABUS BY THE COURT.

CROSS PETITION—*Default for Reply or Answer—When Action is Triable.* When a party to an action deliberately puts himself in default, so far as he is concerned the action may be tried and judgment may be rendered at any time thereafter.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed November 9, 1918. Affirmed.

*W. C. Pearce,* of Garden City, and *C. M. Williams,* of Hutchinson, for the appellant.

*Roscoe H. Wilson,* of Jetmore, and *Fred J. Evans,* of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, John W. Herman, appeals from an order refusing to set aside a judgment rendered against him. In March, 1912, judgment was rendered in favor of the plaintiff and against the defendants, including J. F. Anderson

(now deceased) and Mary V. Anderson, quieting title in the plaintiff to certain real property in Finney county. Service was by publication, and judgment was rendered by default. In August, 1914, J. F. Anderson filed his motion to open the judgment and be permitted to defend. That motion was allowed on March 15, 1915, and J. F. Anderson then filed his answer and cross petition. Anderson asked for judgment against the plaintiffs in the sum of $10,000. The plaintiff asked, and was given, 30 days in which to plead to the answer and cross petition. On May 10, 1915, the court, on the motion of the plaintiff, set aside the order giving him 30 days to plead. The plaintiff then announced in open court that he intended to appeal to the supreme court from the order opening the judgment quieting title in his favor. That appeal was afterward taken. On July 28, 1915, judgment was rendered against the plaintiff and in favor of J. F. Anderson for $4,000. The judgment recites that the plaintiff failed to answer, reply, or otherwise plead to the answer and cross petition of defendant, J. F. Anderson; that the plaintiff did not appear on the trial, either in person or by attorney; and that J. F. Anderson introduced his evidence and rested. On Sept. 15, 1915, the plaintiff filed his motion to vacate the latter judgment on the ground of irregularity in obtaining the same and on the further ground that the judgment was rendered before the action regularly stood for trial. When the plaintiff procured the order setting aside the order granting 30 days to plead to the answer and cross petition, the trial of the cause was, on Anderson's application, continued until the next adjourned term of the court. The plaintiff's motion to set aside the judgment against him alleged:

"That trial of the issues in this cause on the 10th day of May, 1915, was continued until the next ensuing adjourned session of said court; that an adjourned session of said court after May 10th, 1915, was held on June 30th, 1915, but this cause was not called for trial nor in any manner presented to the court nor was it continued for trial to any other adjourned session of the court; that at said adjourned session on said June 30th, 1915, local counsel for said Anderson, Mr. Fred J. Evans, was present in Court as was also W. C. Pierce, local counsel for said plaintiff, but the said defendant Anderson took no steps toward bringing said cause to trial at that time; there being nothing done in said cause on June 30th; counsel for defendant Herman was of the impression and believed that said case would not be called for trial until the next regular term of said court; that afterwards and on July 28th,

1915, another brief adjourned session of said court took place; that said plaintiff and said Anderson were both non-residents of this county and were neither one present at said session; that said W. C. Pearce was present at said session of the Court during a good part of the time the court was in session and during that time said cause was not referred to nor called for trial; that said Pearce was physically unable to attend the entire session of said court and when he left the court room he went home and there remained the balance of the day; that he knew nothing of the matter of said cause being called for hearing on said day and was not advised nor informed that it was the intention of counsel for Anderson to present said case at said time.

"Plaintiff further represents and shows unto the court that at the time of presentation of said case on July 28th, 1915, the record showed that plaintiff intended to appeal from the order of this court heretofore obtained, and had actually appealed said cause to the Supreme Court of Kansas."

There was evidence to support these allegations of the plaintiff's motion. From the order denying that motion the plaintiff appeals.

John W. Herman deliberately put himself in default and thereafter, so far as the record shows, failed to indicate to the court that he intended to further contest with the Andersons, except through an appeal to this court. Under these circumstances, it cannot be said that there was any irregularity in obtaining the judgment; neither can it be said that judgment was rendered before the action regularly stood for trial. (*Leonard v. Hargis,* 58 Kan. 40, 48 Pac. 586.)

To support his contention the plaintiff cites: *Sawyer v. Bryson,* 10 Kan. 199; *Johnson v. Ware,* 67 Kan. 840, 73 Pac. 99; *Patterson v. Oil Co.,* 101 Kan. 40, 165 Pac. 661.

These cases do not support the position taken by the plaintiff, but no good purpose will be served by showing wherein they differ from the one now under consideration.

The judgment is affirmed.