No. 25,349.

THE STATE OF KANSAS, *Appellee*, v. HARRY J. HARWI, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Information—Not Bad for Duplicity—Words "Keep" and "Have" Interpreted.* In the statute defining and prescribing punishment for the unlawful possession of intoxicating liquors, the terms relating to holding in possession are "keep" and "have." These words are substantially synonymous, refer to a single offense, and an information charging that defendant did unlawfully keep and have intoxicating liquors in his possession is not bad for duplicity.

2. SAME—*Evidence Taken at Inquisition—When Not Necessary to File With Information.* It is not necessary for the county attorney to file with an information the evidence he may have taken in an inquisition relating to a violation of the prohibitory liquor law where there is a positive verification of the information.

3. SAME—*No Ground for Quashing Information.* The day and month of the year when the offense was committed was not stated in the information, but it was alleged that the offense was committed within two years prior to the filing of the information. *Held,* that the omission to fill out the blanks of the day and month is not a good reason for quashing the information.

4. SAME. Rulings relating to the evidence and instructions examined and held to be without error.

Appeal from Graham district court, CHARLES I. SPARKS, judge. Opinion filed November 8, 1924. Affirmed.

*J. E. Driscoll,* of Russell, *James O. McVey,* of Hill City, and *H. Tillotson,* of Lenora, for the appellant.

*Charles B. Griffith,* attorney-general, *J. S. Parker,* county attorney, and *F. E. Young,* of Stockton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Harry J. Harwi was charged with eight violations of the prohibitory liquor law and was convicted on the eighth count of the information, which charged the keeping and having in possession intoxicating liquor.

In his appeal he contends that his motion to quash the eighth count should have been sustained. The information, among other things, charged that defendant "did then and there unlawfully have and keep in his possession malt, vinous, spirituous, fermented and other intoxicating liquors," etc. He insists that two distinct of-

fenses were charged in a count and therefore should have been quashed for duplicity.

Attention is called to the statute which in part declares that "it shall be unlawful for any person to directly or indirectly manufacture, sell, barter or give away, furnish or keep or have in his possession for personal use or otherwise any spirituous, malt, vinous, fermented or other intoxicating liquors," etc.   (R. S. 21-2101.)

It is contended that the disjunctive "or" which separates "keep" and "have" makes the keeping in his possession one offense and the having in possession another offense.   As is well known the words "and" and "or" are frequently used interchangeably, and it is quite clear that the phrase as used in this statute should not be given a disjunctive signification.   (*Kennedy v. Haskell*, 67 Kan. 612, 73 Pac. 913.)   The phrase "keeping in possession" in its ordinary acceptation is the equivalent of "having in possession."   Primarily, the term "keep" as applied to the possession of an article means to hold or retain, and the term "have" employed in the same connection imports a holding in possession.   It is the unlawful possession that is condemned by the law, and in an effort to emphasize and make the definition of unlawful possession all-inclusive the legislature used both terms.   The terms might have a somewhat different meaning used in differing connections, but as employed in this statute they are substantially synonymous, and the keeping and having in possession at a particular time and place is no more than a single breach of the law.   The conviction of the defendant upon the charge is an effective bar against another prosecution for the unlawful possession of intoxicating liquors on the occasion mentioned.

Complaint is made that the information was defective because it was not verified by the county attorney, and further that he had not filed with the information the evidence taken on an inquisition. Whether evidence had been taken on an inquisition by the county attorney when the information was filed does not appear.   Where there has been an inquisition which discloses the commission of an offense the prosecuting officer may file the evidence taken with the information, and where this is done a verification by him on information and belief is sufficient.   (R. S. 62-301.)   Where the information is positively verified either by the prosecuting attorney or a third party there is no necessity for the filing of evidence obtained at an inquisition.   In this case the charge rests on the positive verification of the complaining witness, and being so verified by him

it was unnecessary that it should be verified by the county attorney or supplemented by any evidence that may have been taken by the county attorney at an inquisition. (*The State v. Brooks,* 33 Kan. 708, 7 Pac. 591; *The State v. Huffman,* 51 Kan. 541, 33 Pac. 377.)

The information is said to be defective because the day and month of the year when the offense was committed was not definitely stated. The offense was alleged to have been committed "on or about the —— day of ——, 1922, in the county of Graham, and within two years prior to the date of filing the information," etc. There is no merit in the objection. (*The State v. Brooks,* 33 Kan. 708, 7 Pac. 591; *The State v. Bowman,* 106 Kan. 430, 188 Pac. 242.)

There is an objection to the instructions, but we do not regard it to be material. An examination of the evidence alleged to be insufficient leads us to the conclusion that it is adequate to uphold a conviction.

Some other objections are made by defendant which are not deemed to be sufficiently material to require special comment.

Judgment affirmed.

Dawson, J., not sitting.