No. 25,862.

THE STATE OF KANSAS, *Appellee*, v. GEORGE BRECHEISEN, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Liquor Law—Motion for New Trial—Certain Affidavits Not Reviewable on Appeal.*  Only such affidavits as are presented to the trial court upon a motion for a new trial can be considered in a review of the ruling upon the motion.

2. SAME—*Remarks of County Attorney—Not a Ground for Reversal.*  A remark by the county attorney as to a matter not in evidence, although irregular, is not a ground of reversal where it does not appear to have prejudiced the defendant or affected his substantial rights.

3. SAME—*Motion for New Trial—Insufficient Grounds.*  A showing made on a motion for a new trial on the ground of newly discovered evidence is held not to be sufficient to warrant the granting of the motion.

4. SAME—*Verdict and Judgment Upheld by Evidence.*  The evidence examined and held to be sufficient to uphold the verdict and judgment.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed January 10, 1925. Affirmed.

*Archie D. Neale,* of Chetopa, for the appellant.

*C. B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *Charles H. Cory,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.; George Brecheisen, a restaurant keeper of Chetopa, was charged with having intoxicating liquors in his possession and also maintaining a liquor nuisance. The testimony as to the nuisance was held to be insufficient to warrant a conviction, but the defendant was found guilty of having unlawful possession of intoxicating liquors. From a judgment of conviction he appeals.

It is first urged that the evidence is insufficient to support the verdict rendered. There was found in his room in the restaurant a bottle containing whisky and also three bottles of wine. The label on the whisky bottle was "Sunnybrook." A witness testified that

shortly before the defendant had offered him a drink from a bottle labeled "Sunnybrook," but it should be said that defendant told the witness the whisky belonged to men downstairs. It is insisted that the witnesses who testified against him were prejudiced and unworthy of belief, and some reasons were advanced to sustain the contention. All matters as to the credibility of witnesses, including their bias and prejudice, if any, and also as to the truth and weight of their testimony, have been determined by the jury under instructions given by the trial judge. There is testimony in the record which was accepted by the trier of the facts and which we must accept here as credible that abundantly upholds the conviction.

Error is assigned upon the ruling excluding offered testimony to the effect that after the prosecution had been instituted and defendant had subpœnaed his witnesses, the county attorney held an inquisition and called some of defendant's witnesses before him and compelled them to testify. In the offer made there was no statement as to the testimony given at the inquisition nor anything to show that the proceedings in the inquisition could have affected the testimony of the witnesses at the trial of this case. The action may be unusual, as defendant contends, but the statute makes it the duty of the county attorney to hold inquisitions where he is notified or gains knowledge of the violation of the law relating to intoxicating liquors and some other offenses. He is then empowered to subpœna any witness he has reason to believe has knowledge concerning the offenses under inquiry. (R. S. 62-301.) The county attorney may have had information that defendant had committed other offenses than the one charged in the pending prosecution, but whether he did or not he was only exercising the authority that the statute confers, and we have no right to assume that he was not acting in good faith or that he was abusing legal process.

Complaint is made of remarks made by the county attorney in his closing argument to the jury. Apparently in response to something that had been said in behalf of the defendant, the county attorney stated in effect, as the defendant's affidavit shows, that the defendant with his good looks could easily have secured an acquittal if he had offered the testimony of the citizens of Chetopa showing that he was a peaceable and law-abiding citizen, and the fact that he did not produce such witnesses showed that he was not a peaceable and law-abiding citizen. Since the motion for a new trial was overruled and

judgment rendered, affidavits have been presented by the prosecution purporting to show the expressions actually used in the argument, and also an explanation that they were made in reply to a statement of defendant's counsel. These affidavits, however, were not presented to nor considered by the trial court, form no part of the record here, and hence cannot be considered on this appeal.

In explanation of the omission to make the showing on the motion for a new trial counsel say that, thinking only of the motion for a new trial and giving no thought to the matter of appeal, he relied on the fact that the trial judge was familiar with what had occurred before him and hence no counter affidavits on the motion were produced. When the objection was made the court without further admonition remarked to the county attorney that he had carried that argument sufficiently far, whereupon he desisted from further comment on the subject. Assuming that the statements were made as recited in defendant's affidavit, they must be regarded as being beyond the limits of proper argument. Counsel are of course never warranted in commenting on facts outside of those in the case. The defendant has no ground to complain of that part of the statement referring to his fine personal appearance. He was not only present in court, but testified at length in support of his defense, and his personality was in evidence. Not having put his reputation in evidence, a reference to it was not proper. However, not every departure from a proper course of argument can be regarded as a ground for reversal. A reading of the entire record leads us to the conclusion that the reference to the failure of the defendant to produce his neighbors as witnesses to testify as to his standing as a law-abiding citizen, did not operate to the prejudice of the defendant, and that the jury was not influenced by the objectionable comment of the county attorney. An improper expression in argument, which does not affect a substantial right, is not a ground for reversal. (*The State v. Peterson,* 102 Kan. 900, 171 Pac. 1153, and cases cited.)

There is objection to an instruction given that, "By the laws of this state the defendant is made a competent witness in his own behalf and as such he has testified in this case. The fact that he is charged with crime is not to affect his credibility as a witness but you may take into consideration his situation and his interest in the case and all the circumstances which surround him, and give such credit to his testimony as in your judgment it is fairly entitled to." We find no fault in the instruction.

Cavlovic *et al.* v. Croatian Beneficiary Association.

Complaint is made that a new trial was not granted on the ground of newly discovered testimony. The so-called new testimony was not shown by the affidavits of those who it is claimed would give the testimony, and no reason was stated why the affidavits of the witnesses themselves were not produced. This should have been done. (*The State v. Kellerman*, 14 Kan. 135.) Besides the proposed testimony relates to a matter which appears to be quite immaterial and which could not have affected the verdict.

Judgment affirmed.