No. 28,661.

L. G. Henry, J. B. McClintic and J. S. Oldham, as the Board of County Commissioners of the County of Wichita, *Appellants*, v. C. H. Simon, County Attorney of Wichita County, *Appellee.*

(276 Pac. 55.)

Opinion filed April 6, 1929.

*H. O. Trinkle,* of Garden City, for the appellants.

*William A. Smith,* attorney-general, and *Leon W. Lundblade,* assistant attorney-general, for the appellee; *C. H. Simon, pro se.*

The opinion of the court was delivered by

Hopkins, J.: The action was one by the county commissioners to collect a forfeiture from the county attorney for failure to keep his office open during business hours. A demurrer to the petition was sustained, and the commissioners appeal.

While the reasons for the county attorney's office being closed are not stated in the petition, it is stated in the briefs and not denied that the county attorney was married the early part of August, 1927, decided to take a trip with his wife and made arrangements with another local attorney to attend to the business of the county attorney's office during his absence. That upon the return of the county attorney he was advised that a voucher for his salary, in the amount computed by the number of days of absence, would be denied. The county attorney appealed the matter to the district court. He was then informed by the commissioners that unless he withdrew his appeal they would file suit against him for the penalty provided by R. S. 19-2601. He refused to dismiss the appeal, and hence this suit.

The commissioners contend that the statute imposing a forfeiture of $5 per day is clear and that the board of county commissioners is the proper party to recover such forfeiture. The statute under which the commissioners sought to recover the penalty reads, in part, as follows:

"Every county officer shall keep his office at the seat of justice of his county, and in the office provided by the county, if any such has been provided; and if there be none established, then at such place as shall be fixed by special provisions of law; or if there be no such provisions, then at such place as the board of county commissioners shall direct, and they shall each keep the same open during the usual business hours of each day (Sundays excepted); and all books and papers required to be in their offices shall be open for the examination of any person; and if any of said officers shall neglect to comply with the provisions of this section, he shall forfeit for each day he so neglects, the sum of five dollars." (R. S. 19-2601.)

The defendant contends that the county commissioners have no capacity to sue for the collection of such a forfeiture or fine. It may be observed that the statute does not provide to whom such forfeiture shall be paid. However, another section of the statute provides:

"All fines and penalties imposed and all forfeitures incurred in any county shall be paid into the treasury thereof, to be applied to the support of the common schools." (R. S. 62-1908.)

Since money collected under the section last quoted shall be paid into the common-school fund it appears that the county commissioners have no particular interest in it nor authority in its collection.

In *A. T. & S. F. Rld. Co. v. State*, 22 Kan. 1, it was said, substantially, that public actions must be instituted by one having authority to use the name of the state for that purpose and cannot be maintained by one having no interest in the subject matter of the action different from that of the rest of the community.

The same theory was followed and adhered to in *State v. Shufford*, 77 Kan. 263, 94 Pac. 137. In *Weigand v. City of Wichita*, 111 Kan. 455, 207 Pac. 651, it was said:

"An action to compel public officials to perform their duty should be brought in the name of the state on the relation of the county attorney or attorney-general and such action cannot ordinarily be maintained by a private citizen." (Syl. See, also, *State, ex rel., v. Labette County*, 114 Kan. 726, 220 Pac. 275; *Wellman v. City of Burr Oak*, 124 Kan. 780, 262 Pac. 607; *Collingwood v. Schmidt*, 125 Kan. 81, 262 Pac. 556.)

We are of the opinion that the county attorney stands in a different position to the public from the other county officers and is not amenable to the provisions of R. S. 19-2601. The county attorney's duties concerning the enforcement of law frequently require him to be absent from his office, attending court, or investi-

gating infractions of the law in various parts of the county; and in many of the counties the law does not make any provision for clerk hire for him, so of necessity the proper discharge of his duties will often require him to lock his office while he attends to them. Moreover, one purpose of the statute in requiring county officers to keep their offices open on week days is that the public may have "all books and papers" therein open to public inspection. The county attorney has no books and papers of that sort. His books and papers are his quasi private data, which are of no concern to anybody but himself unless or until it is proper, in his discretion, to reveal their contents in court—all of which goes to show that the county attorney is not one of the public officers to be penalized for not keeping his office open every business day. And indeed there may be other reasons why the plaintiffs cannot recover in the instant case, which need not be elucidated. The judgment of the trial court in sustaining the demurrer to plaintiffs' petition was proper.

The judgment is affirmed.