No. 42,700

The State of Kansas, ex rel. Warren Ralston, County Attorney of Butler County, Kansas, *Appellee*, v. Worth Showalter, *Appellant*.

(370 P. 2d 408)

Opinion filed April 7, 1962.

*W. H. Coutts, III,* and *W. H. Coutts, Jr.,* of El Dorado, argued the cause, and were on the briefs for appellant.

*Warren Ralston,* County Attorney, of El Dorado, argued the cause, and *William M. Ferguson,* Attorney General, of Topeka, and *Ervin E. Grant,* Assistant County Attorney, of El Dorado, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This was a proceeding in quo warranto commenced by the state of Kansas on the relation of the county attorney of Butler County to oust Worth Showalter from the office of county commissioner under the provisions of G. S. 1949, 60-1609, *et seq.*

A companion case, *State, ex rel., v. Blain,* 189 Kan. 575, 370 P. 2d 415, is this day decided.

The petition, filed June 10, 1961—two days before the March 1961 term of the district court expired—alleged that the defendant was the duly elected, qualified and acting commissioner of Butler County and held such office during the time here involved. The petition charged the defendant with willful misconduct in Butler County in five different causes of action, alleging (1) that he was in a state of intoxication produced by strong drink voluntarily taken, in the Blue Lantern, a public beer tavern or parlor, and at the sheriff's office in El Dorado on January 31, 1961, and on February 1, 1961; (2) that he was a married man, and on February 1, 1961, attempted to commit adultery with a named single woman in violation of G. S. 1949, 21-908 and 21-101, *Second;* (3) that he transported alcoholic liquor in a motor vehicle upon a public highway in an "open bottle" which was accessible to the driver and other persons in the vehicle while it was in motion; (4) that he drank and consumed alcoholic liquor on January 31, 1961, at the Blue Lantern, a beer tavern or parlor, to which the general public had access, in violation of G. S. 1949, 41-719, and (5) that on May 9, 1961, he was in a state of intoxication produced by strong drink voluntarily taken, at Becker's Truck Stop, a public place. The prayer was that the defendant be ousted from office.

It is unnecessary to further recite the allegations of the petition, but suffice it to say each cause of action was definite and certain, in the language of the statute defining the offense alleged to have been violated, and sufficient under the constitution and statutes of this state relating to criminal procedure to charge the defendant with a public offense, had that been the relief sought, and the state would not have been required on motion of the defendant to file a bill of particulars pleading additional facts with respect to the time, place or date of the commission of each offense alleged.

On the day the petition was filed, summons was issued to the defendant at his address, R. F. D. # 3, Augusta, Kansas, notifying him that he had been sued by the state of Kansas on the relation of Warren Ralston, County Attorney, in the district court, Thirteenth Judicial District, sitting in and for the county of Butler, and that he must answer the petition filed against him in the clerk's office of the court on or before July 10, 1961, or the petition would be taken as true and judgment rendered accordingly. Endorsed on the summons was the following:

"Suit brought for forfeiture of office as Butler County Commissioner and ouster therefrom and for the costs of this action."

Personal service of summons was had upon the defendant at his usual place of residence, and a certified copy of the petition was delivered to him personally in Butler County on June 10, 1961, in accordance with G. S. 1949, 60-1614.

On July 5, 1961, W. H. Coutts, Jr., counsel for the defendant, filed a lengthy motion to make the petition definite and certain and to strike, and another instrument entitled "Demand for Inspection" of the following documents in the possession of the county attorney: any and all statements made by the defendant to the county attorney, transcripts of the testimony of any and all witnesses taken in conjunction with the filing of the action, and any books, papers, or documents which relate to the action. Later, and on the same day, the county attorney filed a motion to strike the defendant's motion and the "Demand for Inspection" from the files pursuant to G. S. 1949, 60-725 upon the ground "that no provision is made for the filing of the same under 60-1614 of the General Statutes of Kansas, 1949, and Supplements thereto."

At this juncture it should be stated that the Honorable George S. Reynolds and the Honorable Page W. Benson, judges of Butler district court, division Nos. 1 and 2, disqualified themselves. On June 19, 1961, the Honorable Doyle E. White, judge of the district court, Nineteenth Judicial District, Arkansas City, was appointed judge pro tem.

On July 6, 1961, Judge White first sat as the presiding judge, and announced to counsel Section 60-1612 provides that actions of this nature take precedence over both civil and criminal cases; that they should be disposed of expeditiously and that he was setting the case for trial following the case of *State, ex rel., v. Blain,* on July 24, at 9:00 o'clock a. m. He further stated that Section 60-1614 provides there are to be no pleadings filed other than those prescribed by statute. Counsel for the defendant advised the court he was familiar with the command of the statute and, with respect to his motion to make definite and certain, and for discovery, said, "We would like them set down and if Your Honor insists the matter be presented now, we can present it." The court said, "I wouldn't insist on that . . . the motions . . . will be set for hearing for 10:00 o'clock July 11, 1961."

July 10 came and passed, but the defendant filed no answer.

On July 11, upon learning that the defendant had failed to answer, the county attorney prepared and filed a motion for judgment upon the ground that the defendant was in default and on that date he served a copy of the motion upon Mr. Coutts, which was noticed for hearing in the district court on July 15, at 10:00 o'clock a. m. The motion was prepared, filed and served in accordance with Rules 44 and 48 of this court relating to procedure in district courts. (188 Kan. xxxiv, printed in G. S. 1949 and given section No. 60-3827 for convenience.)

On July 11, the court considered the three motions of the parties and stated it would first take up the defendant's motion to make definite and certain, and for discovery. Counsel for both parties argued, and thereafter the court entered its order sustaining the state's motion to strike from the files the defendant's motion to make definite and certain, and for discovery. The court then announced that the state's motion for judgment would be heard on Saturday, July 15, at 10:00 o'clock a. m. Thereafter, on the same day, the defendant filed a motion for continuance which was supported by the affidavit of W. H. Coutts, III, a member of the law firm of Coutts and Coutts. It is unnecessary to summarize the motion and affidavit since evidence in support of the motion was heard and considered by the district court.

On July 15, court convened at 10:00 a. m., and at 9:50 a. m. the county attorney and assistant county attorney were served with subpoenas *duces tecum* directing them to bring all correspondence, records and written complaints pertaining to the case from February 1, to July 10, 1961. The court disposed of the subpoenas by not requiring the county attorney or the assistant county attorney to testify since the demand for inspection had previously been denied. The following colloquy occurred:

"MR. COUTTS: . . . Now, does that ruling, your Honor mean that they cannot be called at all in this case, or merely not produce the records which we have requested?

"THE COURT: Mr. Coutts, we keep skitting around the main basic question which, in the Court's opinion, is 60-1614, which to the Court very plainly states the sufficiency of the petition shall be controverted by answer.

"MR. COUTTS: I am very familiar with that, Your Honor."

Following the introduction of evidence in support of the motion for continuance, argument of counsel and the presentation of authorities, the court overruled the motion. Thereafter it found the defendant had failed to answer the petition on or before July 10, and

was in default, and that, upon proper motion of the state, it was entering a default judgment ousting the defendant from the office of county commissioner of Butler County. However, before entering judgment, the court reminded counsel that on July 6, it had expressed the desire to hear the matter expeditiously; that it had called attention to the provisions of 60-1614 concerning pleadings to be filed, and also to 60-1612, concerning the nature of an ouster action, and that for an orderly. dispatch of the court's business, it had set the case for trial on July 24, 1961.

Counsel for the defendant moved for time to plead, which was overruled, and he then requested the court to set the amount of a supersedeas bond as provided in G. S. 1949, 60-1613, which the court fixed in the amount of $1,000. Thereafter, counsel for the defendant orally moved to set aside the judgment of ouster, and that the defendant be given three days within which to file an answer. The motion was considered and overruled, and this appeal followed.

On July 31, 1961, the defendant filed a written motion to vacate and set aside the judgment upon the ground that there were illegalities in the obtaining of the same; that it was obtained by default without the offer of evidence by the state; that it was entered when the defendant was not in default; that it was entered prior to the time the action was regularly set for trial, and that at all times the defendant had a good and meritorious defense to the action. Attached to the motion was an instrument entitled "Answer" consisting of one sentence containing three lines, that the defendant "denies each and every allegation of fact contained in said petition." The answer was verified, and the affidavit of the defendant was attached to the motion.

On October 6, 1961, the defendant's motion to vacate and set aside the judgment was heard. Following argument of counsel, the court announced it had previously ruled upon defendant's oral motion to vacate the judgment; that it did not consider the written motion to vacate proper, and that it would not permit the defendant to introduce evidence in support of it. Later the defendant filed an amended notice of appeal which was approved by this court (G. S. 1949, 60-3310), and the validity of the judgment entered July 15, 1961, together with the denial of the written motion to set aside that judgment were argued when the appeal was presented on its merits.

The defendant basically contends that since he had on file a motion to make definite and certain and to strike, and a demand for inspection, which were meritorious and necessary to present a defense, a default judgment should not have been entered due to his failure to file an answer on or before July 10. The contention lacks merit. The motion has been carefully examined, and without making a complete analysis, it is sufficient to say it was frivolous and dilatory, and obviously filed for the purpose of avoiding answering the petition within the time provided by law. It sought such immaterial and hairsplitting matters as "what hour" of the day the offenses occurred, the "type" or kind of liquor the defendant drank, "what vehicle" the open bottle was transported in, "why" it was contended the defendant was intoxicated, what "strong drink" the defendant consumed, and whether he "voluntarily" drank the same.

In addition to being frivolous and dilatory, the motion was a nullity. Our statute (G. S. 1949, 60-1609, *et seq.*) relating to the ouster of public officials for willful misconduct in office is *sui generis.* The proceeding is a civil action (*State, ex rel., v. Duncan,* 134 Kan. 85, 94, 4 P. 2d 443), and the statute prescribes its own procedure "in the manner hereinafter provided" (60-1609). Section 60-1612 provides that such proceeding shall be tried in a summary manner by the court and shall have precedence over criminal and civil actions, to be tried at the first term after the filing of the petition or complaint. Section 60-1614 provides that the answer day shall be the same as provided in civil actions under the code of civil procedure and,

". . . the petition and answer shall constitute the only pleadings allowed and all allegations in the answer shall be deemed controverted and any and all questions as to the sufficiency of the petition or complaint shall be raised and determined upon the trial of the case; and if said petition is held insufficient in form, the same shall be amended at once and such amendment shall not delay the trial of the case."

The purpose of the section is evident. It is clear the legislature intended to guard against whatever real or fancied advantage an incumbent official thought would accrue to his side of the litigation by a designed course of procrastination in avoiding joining issues with the state's petition within the time required. The motion being a nullity, the court could not be charged with an abuse of discretion in striking it from the files.

The demand for inspection or motion for discovery was likewise properly stricken. The purpose of that motion was to secure copies

of statements made by the defendant to the county attorney, as well as a transcript of witnesses' testimony given at an inquisition conducted by the county attorney pursuant to Section 60-1619. The section was specifically made applicable to complaints received by the attorney general or a county attorney and authorized those officials to issue subpoenas for witnesses as they shall have reason to believe have any knowledge of the truth of the complaints, to appear before them and testify under oath concerning the subject matter under investigation. The testimony shall be reduced to writing and signed by each witness. G. S. 1949, 62-301 is a similar section. It has been held that the books and papers acquired by a county attorney in investigating infractions of the law are his *quasi* private data, which are of no concern to anyone but himself unless and until, in his discretion, he reveals their contents in court. (*Henry v. Simon*, 128 Kan. 113, 115, 276 Pac. 55.)

Proceedings under the foregoing sections by the attorney general or county attorney are conducted privately. One of the reasons for conducting such an investigation without publicity is the importance of preventing scheming and conspiring to nullify the effectiveness of inquisitorial functions. Another reason is that the cloak of secrecy protects witnesses, willing to assist in bringing to justice those who may be endangering the safety of society, or who are unfaithful in the performance of their public duties, from unnecessary censure, criticism and abuse. (*In re Ferris*, 175 Kan. 704, 712, 267 P. 2d 190.) Where there has been an inquisition which discloses the commission of an offense warranting either the commencement of a criminal prosecution, or the ouster of a public official, the prosecuting officer may file the evidence taken with the petition or complaint (*State v. Harwi*, 117 Kan. 74, 75, 230 Pac. 331), but he is not required to do so (*State v. Brecheisen*, 117 Kan. 542, 543, 232 Pac. 244). Until such time as the prosecuting officer makes the content of witnesses' statements or testimony available in court, the defendant is not entitled to copies thereof, and a motion by the defendant to inspect the same during the pendency of such proceeding is properly disregarded and stricken by the court.

Was the court justified in entering a default judgment of ouster upon the state's motion, in the absence of evidence in support of the allegations of the petition? It is well settled that where process has been served personally upon the defendant and plaintiff has filed a good declaration or complaint, judgment by default may

be entered against the defendant if he fails to demur, plead or answer properly within the time required (G. S. 1949, 60-726; *Luke v. Johnnycake,* 9 Kan. 511; *Lumber Co. v. Town Co.,* 51 Kan. 394, 400, 82 Pac. 1100; *Leonard v. Hargis,* 58 Kan. 40, 48 Pac. 586; *Beekman v. Trower,* 82 Kan. 327, 329, 330, 108 Pac. 110; *Herman v. Gardener,* 103 Kan. 659, 175 Pac. 971), which is as conclusive against him upon every matter admitted by the default as if he had contested the plaintiff's right to recover (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; *Miller v. Miller,* 107 Kan. 505, Syl. ¶ 2, 192 Pac. 747), notwithstanding he has entered an appearance in the action (*Garner, Co. Clerk v. State, ex rel.,* 28 Kan. 790, 794; *Schockman v. Williams,* 76 Kan. 299, 91 Pac. 64).

G. S. 1949, 60-729 prescribed that every material allegation of a petition not controverted by an answer shall for the purpose of the action be taken as true. The petition in the instant case charged the defendant with willful misconduct and a violation of the criminal laws. A copy of the petition and summons were personally served upon the defendant and the date for answer was fixed. But there was no answer. Is the court then put to proof? There shall be a trial when the issues have been framed. An issue is made by answer (G. S. 1949, 60-1614, 60-2703, *First; Race v. Malony,* 21 Kan. 31, 36; *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428), and when filed, trial is by the court (G. S. 1949, 60-1612). On the trial of an issue of fact made by the answer to the petition, the court shall hear and weigh evidence. But here there was no issue, and no occasion for trial existed; there was no opportunity or need for evidence. (G. S. 1949, 60-2703, *First; Race v. Malony,* supra; *Becker v. Roothe,* 184 Kan. 830, 832, 339 P. 2d 292.) The defendant was fully aware of his guilt or innocence when the petition and summons were served upon him. Must a court to whose authority no submission is made still keep guard over a character which the possessor does not care to come forward and vindicate? We think not. The object of the proceeding is not to punish the offending incumbent, but to protect and preserve the office and prevent its further embarrassment by the unfaithful holder. (*State, ex rel., v. Duncan,* supra.) Having had notice of the pendency of the proceeding and thereby afforded the opportunity of being heard, but having failed to answer the petition, the defendant thus tacitly confessed the truth of the charges. In such a case, judgment may be rendered on the record without any evidence being intro-

duced by the state. (74 C. J. S., Quo Warranto, § 38, p. 245; *State, ex rel., v. Swift & Co.,* 127 Kan. 817, 821, 275 Pac. 176; *Whelchel et al. vs. The State of Georgia, ex rel. Wiley, et al.,* 76 Ga. 644.)

The defendant lastly argues that the district court abused its discretion in refusing to grant a continuance on July 15, and also in refusing him an opportunity on July 15, and October 6, 1961, to answer the petition. The point is not well taken. For nearly one hundred years it has been the settled law that the granting or refusing to grant a continuance is a matter resting largely in the sound discretion of the district court. Unless abuse of such discretion is made to appear, no reversible error can be predicated on an order denying a continuance. (*Garrett v. Bracy, Inc.,* 187 Kan. 207, 209, 356 P. 2d 815, and cases cited.) Likewise, the matter of allowing pleadings to be filed out of time is wholly in the discretion of the court, and unless such discretion has been abused in granting or refusing leave to file a pleading, a judgment will not be reversed for that reason alone. (*Freeman v. Hill,* 45 Kan. 435, 25 Pac. 870; *Toplikar v. Kaufman,* 132 Kan. 479, 296 Pac. 363.) Furthermore, the record clearly indicates the court at all times cautioned counsel for the defendant that the only pleadings allowed in an ouster proceeding were those prescribed by statute, and that the statute requires a trial of such proceeding in the term following the commencement of the action. The defendant had filed no answer and was in default, and there could have been no trial on July 24. The court was fully warranted on the record in sustaining the state's motion for judgment by default, particularly when service of that motion was made upon counsel for the defendant on July 11, the same day it was filed. (*Garrett v. Bracy, Inc.,* supra.) See, also, *Desch v. Carnutt,* 186 Kan. 238, 241, 242, 349 P. 2d 941; *City of Wichita v. Houchens,* 184 Kan. 297, 335 P. 2d 1117.

The defendant deliberately put himself in default, and so far as the record shows, failed to indicate to the court that he intended to answer the petition, until after the court had sustained the state's motion for a default judgment. Under such circumstances, it cannot be said there was any irregularity or illegality in obtaining the judgment; neither can it be said that the judgment was rendered before the action regularly stood for trial upon the state's motion for judgment.

The judgment is affirmed.