Eric K. Rucker Dickinson County Attorney Courthouse, P.O. Box 696 Abilene, Kansas 67410
Dear Mr. Rucker:
As Dickinson county attorney you ask our opinion on whether a board of county commissioners may impose office hours for a county attorney's office that differ from the hours set by the county attorney. You inform us that your office staff reports to work from 8:00 a.m. until 5:00 p.m., Monday through Friday. However, you recently established the practice of allowing your staff to attend the office tasks without opening the doors to the public between 8:00 a.m. to 9:00 a.m. each day.
K.S.A. 19-2601 states:
 "Every county officer shall keep his or her office at the seat of justice of such county, and in the office provided by the county, if any such has been provided; and if there be none established, then at such place as shall be fixed by special provisions of law; or if there be no such provisions, then at such place as the board of county commissioners shall direct, and they shall keep the same open during such days and hours as shall be fixed by the board of county commissioners; and all books and papers required to be in their offices shall be open for the examination of any person; and if any of said officers shall neglect to comply with the provisions of this section, such office shall forfeit, for each day he or she so neglects, the sum of five dollars ($5)."
We have stated that the board of county commissioners may establish rules and regulations regarding the work hours for county employees including installment of time clocks in offices for use by employees of elected and appointed county officials. Attorney General Opinion No. 94-29. We also stated in that opinion that county officers have the power and authority to make personnel decisions involving their employees, but any personnel action taken by county officers is subject to the "[p]ersonnel policies and procedures established by the board of county commissioners for all county employees other than elected officials." K.S.A. 19-302(c) (county clerk), 19-503(c) (county treasurer), 19-805(d) (sheriff), and 19-1202(c) (register of deeds). However, the statutes dealing with the office of county attorney do not include the above language. The county attorney is not bound by the county's personnel policies and procedures, the county pay plan, or any applicable collective bargaining agreement as they apply to personnel actions. Attorney General Opinion No. 92-158.
Furthermore, Henry v. Simon, 128 Kan. 113 (1929), dealt with the question whether the county commissioners are entitled to collect a forfeiture from the county attorney for failure to keep his office open during business hours. The statute in question in that case, R.S. 19-2601 was essentially the same as K.S.A. 19-2601. The Supreme Court inHenry, at 114-115 stated:
 "We are of the opinion that the county attorney stands in a different position to the public from the other county officers and is not amenable to the provisions of R.S. 19-2601. The county attorney's duties concerning the enforcement of law frequently require him to be absent from his office, attending court, or investigating infractions of the law in various parts of the county; and in many of the counties the law does not make any provision for clerk hire for him, so of necessity the proper discharge of his duties will often require him to lock his office while he attends to them. Moreover, one purpose of the statute in requiring county officers to keep their offices open on week days is that the public may have `all books and papers' therein open to public inspection. The county attorney has no books and papers of that sort. His books and papers are his quasi private data, which are of no concern to anybody but himself unless or until it is proper, in his discretion, to reveal their contents in court — all of which goes to show that the county attorney is not one of the public officers to be penalized for not keeping his office open every business day."
We have stated that county attorneys are not subject to the requirement that their offices be open to the public during hours specified by the board of county commissioners in Attorney General Opinion No. 83-63, although county attorneys must maintain an office at the seat of justice unless otherwise provided by law or the board of county commissioners.
Based on our earlier opinions and case law, we conclude that the county attorney may set office hours open to the public in his or her discretion, and the board of county commissioners may not collect forfeiture for non-compliance with K.S.A. 19-2601 for failure to keep the office open.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas