## No. 28,338.

Louise Mecke, *Appellee*, v. Vincent Mecke, *Appellant*.

(271 Pac. 275.)

Opinion filed November 3, 1928.

*S. S. Alexander,* of Kingman, for the appellant.
*Charles C. Calkin,* of Kingman, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from a judgment granting to the plaintiff a divorce from the defendant and awarding alimony to her. The court made exhaustive findings of fact, twenty-eight in number, and reached five conclusions of law, the effect of all of which was to find that the defendant had been guilty of gross neglect of duty and of extreme cruelty toward the plaintiff.

Among the findings of fact were the following:

"Defendant has an interest in certain real estate under the joint and mutual will of A. Mecke, deceased, and Mary Mecke, who is still living. Said will of A. Mecke, deceased, has been admitted to probate in the probate court of Kingman county, Kansas. At the time of his death the said A. Mecke was the owner of the following-described real property, to wit: [Two quarter-sections of land.] Said real estate is of the fair, reasonable, market value of seventy-five dollars ($75) per acre.

"Said Mary Mecke, comaker with A. Mecke of said joint and mutual will, is now the owner of the following-described real property, to wit: [One quarter-section of land.] Said real estate is of reasonable value of fifty dollars ($50) per acre."

A. Mecke was the father and Mary Mecke is the mother of the defendant.

The twenty-sixth finding of the court was as follows:

"For a period of about four years defendant has been guilty of extreme cruelty and gross neglect of duty toward plaintiff in the following particulars:

"(a) Defendant has been unkind, dictatorial, domineering, and contemptuous in his speech, conduct and manner toward plaintiff.

"(b) Although plaintiff was so situated that he was in a position to provide a comfortable and adequate maintenance for plaintiff and their children, nevertheless the defendant has failed, neglected and refused to properly provide for the care, comfort and support of said plaintiff and her minor children.

"(c) Defendant has failed and refused to consider the reasonable and proper requests of plaintiff for medical attention and care on the occasion of the anticipated birth of a child.

"(d) Defendant has ignored and denied the reasonable requests and wishes of plaintiff to attend church and to carry on the religious observance customary for one in her position and condition.

"(e) Defendant has failed and refused to provide plaintiff with a reasonable degree of recreation and relief from the hard routine of her everyday life and duties.

"(f) Defendant has not provided and has denied to plaintiff and deprived her of the opportunity for association with the people of the community in a social way.

"(g) Defendant's customary manner of address to plaintiff has been to express scorn and contempt for her proper suggestions and wishes."

The first and second conclusions of law were as follows:

"1. That the defendant has been guilty of gross neglect of duty toward the plaintiff, for which plaintiff is entitled to a decree of divorce from the defendant.

"2. That the defendant has been guilty of extreme cruelty toward plaintiff, for which plaintiff is entitled to a divorce from the defendant."

In the twenty-sixth finding the court reached conclusions of fact from the evidence found and set out in the previous twenty-five findings.

■ The defendant contends that "the findings of the trial court are not supported by the evidence," and that "the evidence taken in its most favorable light is insufficient to support a finding of gross neglect of duty or extreme cruelty, as such terms or phrases have been repeatedly defined by this court." The defendant filed a motion to set aside all or parts of nineteen of the findings of fact made by the court and all of the five conclusions of law. It is not impossible to set out the evidence which sustains each of the findings made by the court, but on account of the number of objections made to those findings and the extreme length of the discussion of all of them, it is not deemed advisable to say anything about any of them, except to say that there was evidence which tended to prove that at the time of the birth of their first child, when the plaintiff asked that a doctor be called, the defendant said to her, "Cows and horses could have their young without a doctor, and why couldn't she"; that his general treatment of her and conduct to her was along the line of the statement just quoted; that she was often compelled to gather "cow chips" for fuel in the house; that he did not provide her with proper clothing; that he did not provide her with any social life or recreation; that he did not assist her to attend church; that he compelled her to walk to the neighbors from three-fourths of a mile to two miles away whenever she was compelled to go to them for any purpose; and that he would not take her out in his automobile, although he was often out in it himself. After a careful examination of the evidence as disclosed in the abstracts, this court concludes that there was evidence sufficient to support the conclusions of the trial court that the defendant had been guilty of both extreme cruelty and gross neglect of duty.

■ Another matter urged by the defendant is that "all acts prior to October, 1926—being the time the parties resumed marital relations—have been condoned and forgiven." The twenty-seventh finding of fact made by the court was in part as follows:

"That the plaintiff left the defendant for a short time in the fall of 1925, at which time she filed suit for separate maintenance, but shortly thereafter returned to the defendant and dismissed her suit. In October, 1926, she again left the defendant and filed another suit for separate maintenance against him, and again returned to the defendant a short time thereafter."

The present action was commenced September 21, 1927. The evidence tended to show that the defendant's cruelty and neglect

continued from the time of the birth of their first child to the time of their final separation, and that there was no change in his treatment of her after she returned to him following her first and second separations from him.

We quote from 2 Bishop's Marriage, Divorce and Separation, § 269, as follows:

"Condonation is the remission, by one of the married parties, of an offense which he knows the other has committed against the marriage, on the condition of being continually afterward treated by the other with conjugal kindness—resulting in the rule that while the condition remains unbroken there can be no divorce, but a breach of it revives the original remedy."

(See, also, 19 C. J. 83, 87; 9 R. C. L. 380, § 172; *Entsminger v. Entsminger*, 99 Kan. 362, 367, 161 Pac. 607.)

■ The judgment gave to the plaintiff as alimony an undivided one-half interest in and to the estate, title and interest of the defendant under the joint will of A. Mecke and Mary Mecke; provided for the payment of $100 attorney's fee; gave to the plaintiff a right to certain clothing and wearing apparel; the custody of the children subject to defendant's right to visit them two days during each month and forty dollars a month support money; and enjoined both parties from removing the children from the jurisdiction of the court. The defendant contends that "the award of one-half of the prospective inheritance property, which the defendant might anticipate inheriting under the joint will of his parents, is grossly excessive." There is no definite rule of law by which to measure this contention. It is a matter that addresses itself to the sound discretion of the trial court, and until that discretion appears to have been abused, the supreme court must accept the judgment of the trial court.

This may be said in favor of the judgment: The plaintiff is given one-half interest in 480 acres of land which will come to the defendant under the will of his father and mother. He retains the other one-half interest therein. The defendant met the plaintiff while he was a soldier in France during the World War. He returned to this country at the close of the war and then returned to France, married the plaintiff, brought her to Kansas, and engaged in farming on the 480 acres of land. Three children were born. He grossly mistreated the plaintiff, and by his conduct compelled her to seek separation and divorce. She becomes a stranger in a strange land with three small children to support. Under these

'circumstances, this court cannot say that the trial court abused its discretion in rendering the judgment. It was eminently fair to the defendant. He has no just cause for complaint.

The judgment is affirmed.