No. 36,615

HAZEL S. REITER, *Appellee*, v. RALPH A. REITER, *Appellant*.

(176 P. 2d 260)

Opinion filed January 25, 1947.

*Walter S. Keith,* of Coffeyville, was on the briefs for the appellant.

*Richard L. Becker, Morris D. Hildreth* and *Clement H. Hall,* all of Coffeyville, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for a divorce and from a judgment in favor of plaintiff the defendant appeals.

Plaintiff's petition charged extreme cruelty and gross neglect of duty. Defendant's answer was a general denial. At the trial, defendant demurred to plaintiff's evidence, but offered no evidence in his own behalf. The trial court overruled the demurrer and made extended and detailed findings of fact and concluded as a matter of law that plaintiff was entitled to a divorce on the grounds of extreme cruelty, and it rendered judgment accordingly. The defendant filed his motion that certain findings of fact be set aside as not corroborated as required by statute; that the conclusions of law be set aside for the reason the evidence on which they were based was not corroborated; and for a new trial. This motion was denied and defendant duly perfected his appeal, his specification of errors covering the matters hereafter discussed.

Three general propositions are presented for our consideration: (1) That the facts proved do not constitute extreme cruelty; (2) that the testimony of plaintiff as a witness in her own behalf was not corroborated by that of another witness, as required by G. S. 1935, 60-1509; and (3) plaintiff's evidence showed that the parties had separated in September, 1944, had thereafter reconciled their differences theretofore occurring and lived together as man and wife for two days in December, 1944, and that her testimony showed no subsequent acts of extreme cruelty, corroborated as required by the above statute; that the cohabitation in December, 1944, was a condonation of any act of extreme cruelty there may have been prior to December, 1944, and there was no evidence of any subsequent act sufficient to revive prior acts, hence she failed to prove a cause of action and his demurrer should have been sustained.

The findings of fact cover many matters not material to the present inquiry. We have examined them and the evidence as abstracted and conclude that the findings are supported by the evidence. It is not necessary that this opinion be encumbered by a detailed statement, but the evidence disclosed the following: Defendant repeatedly charged his wife with being filthy, with coming from a filthy family, with promiscuous sexual relations,

with being responsible for the death of her brother who was killed in military service, and that her mother was insane. None of these matters were true, and defendant said them to hurt plaintiff's feelings. Although not entirely clear, perhaps all of these matters had occurred prior to September, 1944, when the parties separated. Later and in December they effected some sort of a reconciliation and lived together for two days, when they again parted. In the spring of 1945 defendant brought a separation agreement to her, and he then talked to her about her brother's death, and told her that if she had not been sinful her brother would not have been killed. After December, 1944, defendant came to the home of plaintiff's father and said the home was filthy; that his pigs lived in a better pen than her father had raised her in, and that her mother, who had died, was better off. Appellant contends however that none of the above testimony was corroborated. Another witness, who had known the plaintiff and defendant for some years and who had visited at their home, testified that it was clean and well kept; that the defendant came to see her after the last separation and tried to get some of the plaintiff's things, and told witness that if anyone went to court to help his wife he was sure going to make it hard for them; that plaintiff's family stole from him; that the family lived like pigs and lived in a hovel compared to his pigpen. A sister of plaintiff testified that after January, 1945, defendant talked with her about himself and the plaintiff and said plaintiff was "running around" at Parsons and that it was plaintiff's fault and that if she had not been so sinful her brother would not have died. We need not review the findings or evidence further.

Appellant devotes little space to his argument that the acts charged do not constitute extreme cruelty. He contends that the acts were only occasional bursts of anger and not sufficient, citing *Rowe v. Rowe,* 84 Kan. 696, 115 Pac. 553. This court long ago recognized that uttering words without justifiable cause and for the purpose of inflicting pain constituted extreme cruelty. (*Masterman v. Masterman,* 58 Kan. 748, 51 Pac. 277. See, also, *Williams v. Williams,* 106 Kan. 751, 189 Pac. 910.) The record discloses that defendant was guilty of acts constituting extreme cruelty both before and after the claimed condonation by reason of the cohabitation in December, 1944, and that the testimony of plaintiff with respect to the acts above mentioned was corroborated. It makes

no difference that plaintiff may have testified to acts, which the trial court found, and as to which there was no corroboration. Putting them to one side, there still remains corroborated testimony of acts sufficient to justify the judgment. We shall not devote any time to the claimed condonation. Whatever forgiveness there may have been when marital relations were reassumed in December, 1944, it appears that other acts of cruelty occurred thereafter. ·The commission of these acts had the effect of reviving the former misconduct. *Mecke v. Mecke,* 126 Kan. 760, syl. ¶ 2, 271 Pac. 275.) Even though the first acts were not revived by the second ones, the second ones alone were amply corroborated and justified the judgment rendered. .·

The judgment of the trial court is affirmed.